21127. McBRAYER *v.* COLUMBIA CASUALTY COMPANY
*et al.*

DECIDED SEPTEMBER 16, 1931. REHEARING DENIED SEPTEMBER 29, 1931.

*Wheeler & Kenyon,* for plaintiff.

*W. P. Whelchel, Ralph G. Sims,* for defendants.

STEPHENS, J. The workmen's compensation act, as originally enacted (Ga. L. 1920, p. 167), provided, in § 2 (c), that compensation should be computed on the basis of the annual earnings of the injured employee received in the employment of the same employer continuously during the year next preceding the injury, and where the injured employee had not been in the employment of the same employer for a full year immediately preceding the injury, the compensation should be computed according to the annual earnings which persons of the same class in the same em-

ployment and the same location or of neighboring employments of the same kind have earned during such period. The act provided also, in sections 30 and 31, which fixed the compensation to be awarded for total and partial incapacity, that there should be paid as "weekly compensation" a designated portion of the injured employee's "average wages" and "average weekly wages." Section 2 (c) of the act of 1920 was, by an act of 1922 (Ga. L. 1922, p. 185), amended to read as follows: "The compensation of an injured person shall be computed on the basis of the regular wage received by the employee on the date of the accident. The compensation of the injured person who has not been receiving regular wages and has been employed for such a short period of time that it is impracticable to accurately determine his wages, the wages of the employees of the same class, in the same employment, in the same locality or, if that be impracticable, of neighboring employees of the same kind shall be used as a basis for determining the wages of such injured employee." Sections 30 and 31, in so far as they provided as weekly compensation a portion of the injured employee's "average wages," or "average weekly wages," were not changed. Section 30 was changed only in so far as it fixed the maximum and minimum amount of compensation to be paid.

Section 2 (c) of the original act fixed the basis for computing compensation in all cases, and sections 30 and 31 fixed only the amount of compensation to be paid weekly for total and partial incapacity. In providing that the weekly compensation should be a designated portion of the "average wages," or the "average weekly wages," these sections did not in themselves provide that the average wages should be used as the basis for computing compensation, but, by referring to "average wages" or "average weekly wages," these sections merely recognized, as the method for computing compensation, the method provided in section 2 (c), which was upon the annual earnings of the injured employee, which, when paid weekly, would necessarily be the average weekly wages. Since the act of 1922, by amendment to section 2 (c) of the act of 1920, abolished the payment of weekly compensation computed on the basis of the annual earnings, and therefore necessarily eliminated any consideration of the *average* wages in computing compensation, the provisions of sections 30 and 31, having reference to "average

wages" and "average weekly wages," and which were not expressly stricken by the amendment, are rendered impotent and of no force or effect. As provisions of the statute they are purely vestigial. Under the act as now amended compensation, whether for total or partial incapacity, is computed without reference to the "average wages" or the "average weekly wages" of the injured employee. As now provided, "the compensation of an injured person shall be computed on the basis of the *regular* wage received by the employee on the date of the accident" [italics ours]; but if he at the time of the accident was not receiving the "regular wage," his compensation is determinable by the wages of other employees of the same class in the same employment. The question for determination is what constitutes a "regular wage."

Funk & Wagnall's New Standard Dictionary defines "regular" as: made according to rule; formed after a uniform type; conforming to a consistent plan; symmetrical; conformed; as, a regular arrangement; acting according to rule; following a uniform course; unvarying in practice; recurring without fail; methodical; orderly constituted, appointed or conducted in the proper manner; conformable to law or custom. Webster's New International Dictionary defines "regular" as: formed, built, arranged according to some established rule, law, principle or type; governed by rule or rules, steady or uniform in course, practice or occurrence; not subject to unexplained or irrational variation; steadily pursued.

From uncontradicted evidence it appears that the injured employee, who was injured after he had worked on the job for eight days, was employed to work in the mechanical department of an automobile sales company, but not at the regular wage scale of his fellow employees of the same class. He was employed to work for a temporary wage of $15 a week, which was to be increased and brought up to the regular wage scale of the employees of the same class in the same employment, which was $25 a week, if he proved efficient and his work was satisfactory. It further appears, from uncontradicted evidence, that, within the period during which he worked, he did prove efficient, his work was satisfactory, and his efficiency was equal to that of the other men in the same employment doing the same class of work, and, had he remained on the job, he would have received wages at the regular wage scale of $25 a week. At the time of the accident he was not receiving the

wages regularly paid to employees in the same employment and doing the same class of work, and which he would have received had he remained on the job. The wage which he was receiving when he was injured was not the wage which had been fixed "according to rule," or "after a uniform type," or by "following a uniform course," etc., but it was a wage which varied from the wage which by the general rule or plan or custom or practice was paid to other employees, who performed the particular services which the injured employee performed. At the time of the accident, therefore, the wages which the injured employee was receiving were not the "regular" wages within the meaning of section 2 (c) of the workmen's compensation act of 1920 as amended by the act of 1922, and which is the basis for computing compensation. As he was not receiving such regular wage, his compensation must, as provided in this amendment to the act, be computed on the basis of "the wages of the employees of the same class in the same employment," which was $25 a week. The award by the industrial commission of compensation computed on the basis of $15 a week, instead of $25 a week, was error, and the superior court erred in not sustaining the appeal of the claimant. Since, however, the evidence authorized the inference that the injury arose out of and in the course of the employment, and that the injured employee's death resulted from this injury, and that the claimant as his wife is entitled to compensation, the award of compensation, except as to the amount awarded, was authorized by the law and the evidence. As the evidence is undisputed that the compensation awarded was less than that which was as a matter of law demanded, the judgment of the superior court affirming the award in the amount found by the commission is reversed, but direction is given that the superior court affirm the award, but enter a final judgment awarding compensation to the claimant for the period found by the industrial commission, computed upon the basis of $25 a week, and that the sum awarded should be in weekly payments in a sum equal to eighty-five per cent. of one half of that amount. Workmen's Compensation Act as amended, sections 30, 38 (b), 59.

*Judgment reversed, with direction. Jenkins, P. J., and Bell, J., concur.*