23182.   GEORGIA POWER COMPANY *v.* McCOOK.

Decided December 20, 1933.

*Colquitt, Parker, Troutman & Arkwright, Robert S. Sams,* for plaintiff in error.

*George G. Allen,* contra.

SUTTON, J. This case arose by reason of an appeal by the employer from an award of the Department of Industrial Relations in favor of the widow of an employee, whose death resulted from an accident arising out of and in the course of his employment. Claimant's husband was a regular employee of the Georgia Power Company, working two weeks and then being laid off for two weeks and returning to work for two more weeks. The employer adopted this method of working employees of the class of claimant's husband in order to keep all its employees employed. At the time of his death he was receiving a regular weekly wage of $32.80. For the two weeks during each four that he did not work, he did not receive any wage. The claimant contended that she was entitled to compensation based on the amount of wages her husband was receiving on the day of the injury which resulted in his death, and the employer claimed that she was only entitled to compensation based on one half of the amount of such wages, in that the two weeks during which the employee did not work should be considered with the two weeks in which he did work, in determining his regular wages. The department director who heard the case found in favor of the claimant, and on review by the full board this finding was upheld. On appeal to the superior court, the award was affirmed, and to this judgment the employer excepts.

1. "The compensation of an injured person shall be computed on the basis of the regular wage received by the employee on the date of the accident." Section 2c, Workmen's compensation law; Ga. L. 1922, p. 185 (Michie's Code 1926, § 3154 (2c)).

2. Under the ruling of this court in *McBrayer* v. *Columbia Casualty Co.,* 44 *Ga. App.* 59 (1), compensation for the death of an employee from an injury arising out of and in the course of his employment should be computed without reference to the "average

wages" or "average weekly wages" of the employee as provided in sections 30 and 31 of the original workmen's compensation act, but, as provided in the amendment of 1922, supra, "on the basis of the regular wage received by the employee on the date of the accident."

3. On the date on which the claimant's husband met with the accident that resulted in his death, he was receiving a wage of $32.80 per week, and this was the regular wage which he received when he worked for the employer. The fact that he was employed for two weeks, then laid off for two weeks, and then worked for another two weeks, did not render the amount of regular wages the deceased employee was receiving "on the date of the accident" less than $32.80 per week. Rylander v. Smith,. 149 Southern, 434; Modin v. City Land Co., 250 N. W. 73.

4. Applying the above ruling, the judgment of the superior court affirming the award of the commission was not erroneous.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*