## 26027. METROPOLITAN CASUALTY INSURANCE COMPANY *et al. v.* MALONEY.

DECIDED JULY 1, 1937.

*Bussey & Fulcher*, for plaintiffs in error.

*Curry & Curry*, contra.

MacIntyre, J. "The right to compensation under this title shall be forever barred unless a claim is filed with the Department of Industrial Relations within one year after the accident." Code, § 114-305. There is also a provision in the workmen's compensation act that, "If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this title, . . either party may make application to the department for a hearing in regard to the matters at issue and for a ruling thereon. Immediately after such application has been received, the department shall set a date for a hearing, which shall be held as soon as practicable, and shall notify the parties at issue the time and place of such hearing." § 114-706. Thus, under our statute, where they fail to agree, and an employee has not made a claim, the employer is permitted to institute a proceeding to secure a determination of the employee's right to compensation. *Ballenger* v. *Rock Run Iron Co.*, 166 *Ga.* 490 (143 S. E. 595) ; 71 C. J. 973, §§ 747, 748. "In the administration of

the workmen's compensation act, technical nicety of pleading and procedure is not required." *Southern Cotton-Oil Co.* v. *McLain,* 49 *Ga. App.* 177, 183 (174 S. E. 726). No particular form of pleading is required to give the Department of Industrial Relations jurisdiction, and thus to authorize it to give the notice of a hearing and determine a claim for compensation. Higginbotham *v.* Oklahoma Portland Cement Co., 155 Okla. 264 (9 Pac. (2d) 15). See also Pruitt *v.* Industrial Accident Com., 189 Cal. 459 (209 Pac. 31, 32); Utah Fuel Co. *v.* Industrial Com., 59 Utah 46 (201 Pac. 1034). The commissioner was authorized to find that this case was commenced by the adjuster for the insurer and the employer, when he made a written application on May 6, 1932, which was within less than a year after the time of the accident; that this application was made in accordance with the provisions of the workmen's compensation act, to determine the proper adjustment of the compensation of the employee; that a time for the hearing was set; that the employee, by counsel, appeared in response to the usual legal notice; that the employer and his counsel were also present and that the issues in the case were ripe for trial, including the one as to whether the claimant's alleged rights were determinable under the workmen's compensation act. At this hearing the employee's counsel moved for a postponement of the same until the courts had settled the question whether the claimant could proceed with his common-law suit, or be forced to proceed under the workmen's compensation act. At this hearing the commissioner told them the case would be continued until it could be passed on by the courts, and no objection to this continuance was registered at this time. When the Court of Appeals (*Maloney* v. *Kirby,* supra) held this matter was determinable only under the workmen's compensation act, the parties were notified, and the case was reset for a hearing. Whereupon the employer and insurer, as above stated, pleaded the statute of limitation. When we consider § 114-305 in the light of § 114-706, supra, we think the word "claim" as used in the former is coextensive with "case," and under the facts of this case embraces the counter-claim of the employee as well as the claim of the employer. The "case" or "claim" of the employer and the appearance and answer of the employee were all filed within twelve months, and none of them had ever been withdrawn with the ap-

proval or consent of the court or the department; indeed, the adjuster for the plaintiff in error, the party who instituted the case, has not attempted to withdraw the same; nor has the Department of Industrial Relations consented or allowed the opposite party, the employee, to dismiss the "case" or "claim." And while, before the date set for the hearing, the claimant did say, in his first letter acknowledging the receipt of the notice, "It will be our purpose to show the commission that they have no jurisdiction over this claim, for the reason that the young man was not an employee," yet, when the first hearing came on, no motion to withdraw or dismiss was made; nor was any consent of the department obtained to withdraw the claim, but on the contrary the employee made a motion to continue, which was not resisted, and was granted. The case was begun within twelve months, was continued, was still pending, and while so pending it was reset and tried. The commissioner was therefore authorized to find that the statute of limitation did not apply.

In Georgia, compensation is computed on the basis of "regular wage" received on the day of accident, without reference to "average wages," or average weekly wages. What is meant by regular wage is the wage fixed according to rule or after a uniform type; and one receiving a temporary wage or one not working during intervening periods and not receiving wages therefor is not receiving a regular wage. 71 C. J. 797. If the employee is not receiving a regular wage, compensation is determined by the wage of other employees of the same class in the same employment in the same locality; or, if that be impracticable, in the same neighboring localities. Code, § 114-402; *McBrayer* v. *Columbia Casualty Co.*, 44 *Ga. App.* 59 (160 S. E. 556); *Georgia Power Co.* v. *McCook*, 48 *Ga. App.* 138 (172 S. E. 78); *City of Waycross* v. *Hayes*, 48 *Ga. App.* 317 (172 S. E. 756); *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (118 S. E. 786). The judge did not err in holding: "The claimant was not receiving regular wages at the time of the accident and injury, and that compensation should have been computed on the basis of the employees of the same class, in the same employment, in the same locality." And, "The uncontradicted evidence in this case makes the approval or setting aside the finding of the commission a ques-

tion of law." The judgment was not erroneous for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*