## CARTER *v.* OCEAN ACCIDENT AND GUARANTEE CORPORATION *et al.*

No. 13388. SEPTEMBER 26, 1940. REHEARING DENIED OCTOBER 15, 1940.

*Maddox & Griffin,* for plaintiff.

*John M. Slaton* and *James J. Slaton,* for defendants.

DUCKWORTH, Justice. The controlling question is whether or not under Code, § 114-402, the compensation should have been computed on the basis of five dollars per day, which was the actual

wage received on the date of the accident, or on the basis of fifteen dollars per week, as held by the Court of Appeals. Section 114-402 fixes the basis for computing the compensation provided for under the workmen's compensation law, and it declares in part that "The compensation of an injured person shall be computed on the basis of the regular wage received by the employee on the date of the accident." The evidence shows that the wage earned by the employee on the date of the accident was five dollars, and that this was the amount regularly received during the preceding ten months. These facts establish the regular wage received by the employee on the date of the accident, which is the basis fixed by the statute upon which compensation must be computed. Since there are six work days in a week, this daily wage multiplied by the number of working days in a week fixes $30 as the weekly basis, as found by the Industrial Board and approved by the trial court. But the Court of Appeals held that since the employee was working only three days per week, this daily wage of five dollars should be multiplied by three, thus establishing a regular weekly wage of $15 as a basis upon which compensation should be computed. There were some circumstances indicating that the claimant was subject to the call of his employer at all times, and that the operations were determined by the number of orders to be filled, and that immediately after the accident operations of four days per week became necessary for this purpose; and that although the manager, without any action of the directors, had decided at the beginning of the year to operate only three days per week, this fact was not known by the employees. However, since these circumstances are rather indefinite, we shall put them aside and decide this case squarely upon the basis that the injured employee worked only three days per week at a wage of five dollars per day.

The original act of 1920 (Ga. L. 1920, p. 167) did not use the "regular wage" as a basis for computing compensation, but this act was amended in 1922 (Ga. L. 1922, pp. 185, 186) to make this the basis for computing compensation. We do not have in the law as thus amended any authorization for using an average weekly wage, but are restricted solely to the regular wage received on the date of the accident. If a regular wage has been established and the employee is receiving it on the date of the accident, then that, and no other, is the basis on which compensation must be computed.

The Court of Appeals ruled, in *Georgia Power Co.* v. *McCook*, 48 *Ga. App.* 138 (172 S. E. 78), and in *Ætna Casualty & Surety Co.* v. *Prather,* 59 *Ga. App.* 797 (2 S. E. 2d, 115), that this language meant the wage received on the date of the accident. In the former, the regular wage was $32.80 per week; and although the employee worked only half of the time, that is, two weeks work and off two weeks, the court ruled that he was entitled to compensation based upon the regular wage of $32.80 per week, which was the wage received on the date of the accident. In the latter, the injured employee earned $2.97 on the day he was killed. He was subject to call at any time, but was called only once or twice every two weeks. It was held that the Industrial Board did not err in computing the compensation on the basis of the regular wage received by the employee on the date of his death by accident. These two decisions properly construe the statute. They sustain the Industrial Board and the trial court in the present case. In *McBrayer* v. *Columbia Casualty Co.,* 44 *Ga. App.* 59 (160 S. E. 556), the employee was temporarily employed at $15 per week, with the understanding that if his work proved satisfactory he would be paid the same as others in the same employment, to wit, $25 per week; and his work had proved satisfactory. It was held that compensation should be computed on the basis of $25 per week, by virtue of the latter portion of section 114-402, which provides that where the injured person has not received regular wages and has been employed for such a short period of time that it is impracticable to accurately determine his wages, the wages of employees of the same class shall be used as a basis for determining the wages of such injured employee. In *Metropolitan Casualty Insurance Co.* v. *Maloney,* 56 *Ga. App.* 74 (192 S. E. 320), it was ruled that "one not working during the intervening periods, and not receiving wages therefor, is not receiving a regular wage." This ruling is in conflict with the previous ruling in *Georgia Power Co.* v. *McCook,* supra, where an employee who worked two weeks, and then for an intervening two weeks did no work, was held to receive a regular wage. While the Industrial Board incorrectly took the prevailing wage for similar employment in other factories in the same locality as the basis for computing compensation, yet this basis was the same as that of the regular wage received at the time of the accident; and therefore the compensation

allowed was computed on the proper basis, and its finding will not be disturbed because of this mistake.

The courts are not concerned with whether the employee receives more compensation than his wages total, nor whether regular employees or temporary employees are given an advantage over the other, so long as the statute is given its true and fair meaning. These are matters for legislative concern. If the plain statute works an injustice, then the remedy is legislative action rather than tortured court construction. There is nothing mystical about the workmen's compensation law, and it calls for no unusual interpretations. The one high aim constituting the foundation of this law is compensation for an injured employee in proportion to his loss on account of the injury. That loss is deprivation of future earnings, and is measured by his proved earning capacity. It of necessity looks to the future. Under the statute authority is given to consider the past only in so far as it reveals a regular earning capacity. We think the fairest yardstick by which his compensation to cover his injury can be measured is what he was able to earn and was actually earning when the misfortune came upon him. Good workmen look to the future with hope of advancement and increased earnings, and the loss sustained by the employee is deprivation of future earnings on the basis of his earning capacity as demonstrated by the regular wage received at the time of the accident. Although this claimant was able to procure employment for only three days per week at the time of the accident, there was nothing in the employment contract or otherwise to limit his future to three days employment per week. As shown in this case, during his incapacity he was deprived of at least four days employment per week with the same employer. As illustrative of the fallacy of basing the compensation upon three days per week, suppose this employee had immediately before the accident actually contracted employment elsewhere for six days per week, would he have been adequately compensated for his loss if his compensation was based on only three days per week? But the insurance carrier says that the premiums received by it are calculated upon a basis of the total pay-roll, and that where the employment is for only half time its premium is likewise reduced, and hence it is not paid a premium that would authorize the payment of compensation on a basis of full time. Such argument overlooks the very simple fact

that the insurer's liability is in force only during the time the employee is at work; and if he works only half time, then its risk is for only half time, and consequently its premiums based upon the payroll fully paid for full compensation. We think that this ground of complaint is without merit. The facts in the case authorized the finding of the Industrial Board and the trial court in fixing the weekly basis for compensation at $30, and the Court of Appeals erred in reversing this judgment.

*Judgment reversed. All the Justices concur.*