28490.   GOOGE v. UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*

DECIDED NOVEMBER 20, 1940.

*Briggs Carson Jr.,* for plaintiff.
*Robert R. Forrester,* for defendants.

GARDNER, J. The evidence required a finding by the Industrial Board, as to the issues under review, that the claimant was employed as an electric lineman, at the time of his injury, on an R. E. A. project, at seventy-five cents per hour; that under government regulations he was not permitted to work any week more than forty hours, at the rate of seventy-five cents per hour; that his work was regular; that at all times he was ready to put in forty hours weekly, that he made an average earning per week, for a period of about eleven months previous to the accident, of $19.03; that the work was all outdoor work; that during any week of the above period he did not work the full forty hours; that he was allowed under the employment to work the forty hours unless he was prevented from so doing because of weather or lack of material. He was asked, "How many hours were you allowed to make a week?" and answered, "Forty hours." He was asked, "Why were you only allowed to make forty hours a week?" and whether it was "because of government regulations?" He answered, "Yes." Again he was asked, "If you failed to make forty hours per week, why was it?" He answered, "On account of the weather or lack of material." The board, as to the issues under review, found that the average weekly wage was $19.03 and (the incapacity being total) awarded compensation in the sum weekly of $9.515 as fifty per cent. of the average weekly wage. The claimant appealed to the superior court, where the award was sustained. The claimant excepted, contending that the proper award weekly as compensation should have been $15, representing fifty per cent. of a regular weekly wage of $30, arising at the rate of seventy-five cents per hour for a weekly period of forty hours.

The Code, § 114-404, provides: "When the incapacity to work resulting from an injury is total, the employer shall pay or cause to be paid . . to the employee during such total incapacity a weekly compensation equal to one half of his average wages." § 114-404. "The compensation of an injured person shall be computed on the basis of the regular wage received by the employee on the date of the accident." § 114-402. In *Carter* v. *Ocean Accident &c. Co.*, 190 *Ga.* 857 (11 S. E. 2d, 16), the Supreme Court held: "The compensation of an injured person under the workmen's compensation law shall be computed on the basis of the regular wage received by the employee on the date of the accident. Code, § 114-

402. Though an employee had for ten months before the accident worked only three days per week, his 'regular wage' was five dollars per day, and this daily wage is the basis upon which his compensation must be computed. To obtain a weekly basis the daily wage should be multiplied by six, the number of work days per week, rather than by three . . which is the number of days per week the employee had been working." The court observed further that "While he was paid so much per piece, this amounted to approximately five dollars per day," and that "These facts establish the regular wage received by the employee on the date of the accident, which is the basis fixed by the statute upon which compensation must be computed. . . We do not have in the law . . any authorization for using an average weekly wage, but are restricted solely to the regular wage received on the date of the accident. If a regular wage has been established and the employee is receiving it on the date of the accident, then that, and no other, is the basis on which compensation must be computed." In the instant case, while the claimant was ready at all times to work during a week, and at seventy-five cents per hour for a period weekly not to exceed forty hours, but for that period of time, full time, unless prevented from so doing by the weather or lack of material, and while his work was regular, the defendants in error contend, though they admit an average weekly earning of $19.03, that there was *no employment shown to be by the day,* but *only* by the hour, that no daily wages were shown, and that the claimant at no time ever earned at the hourly rate to the full extent of the weekly forty hours. In this connection we quote from the brief: "The basis for compensation, except for admission of insurer, is 75¢, because there is no evidence that employee made more than 75¢ in one day or one week. Only a per-hour wage was shown, and that he was working when hurt." The literal evidence, it must be admitted in the light of the contentions of the defendants in error, fails to disclose any reference to a *day* as *such;* or whether a *given* number of hours constituted a *day;* or whether the contract was for any definitely stipulated number of *days* as such, per week; or whether for five days at eight hours each, or for four days at ten hours each; or whether there could be any earnings for overtime work, at a time-and-half-time rate; or whether for overtime beyond the hours constituting a day; or whether beyond forty hours constituting a week; or whether

the work might be daily at any uneven number of hours, with hours lost on one day regainable on a subsequent day or days.

The court must assume that all material facts were proved, and consider the assignments of error in the light of the evidence submitted. The evidence does, however, establish that there was definite employment, and regular employment by the week, at the rate of seventy-five cents per hour, for full-time work of 40 hours during a week, *unless prevented from working "on account of the weather or lack of material."* The claimant was ready and available for work at all times. None of the above evidence was contradicted by the defendants in error. But, as contended by them, there was no evidence certain as to what constituted a *day's* work as such, with reference to any stated number of hours comprising a *day*. While this is true, we do not think the lack of *literal* evidence is fatal, applying the maxim, that is certain which may be rendered certain. "We do not have in the law . . any authorization for using an average weekly wage, but are restricted solely to the regular wage received on the date of the accident. If a regular wage has been established and the employee is receiving it on the date of the accident, then that, and no other, is the basis on which compensation must be computed." *Carter* v. *Ocean Accident &c. Co.,* supra. We look to the evidence to determine whether the wage on the day of the accident can be made certain. We have the definite factors of *employment* by the week, a *week of forty hours,* and *pay per hour.* Under *Carter* v. *Ocean Accident &c. Co.,* supra, we have the definite factor of *six* days as constituting a' work week. From these known factors it becomes certain that an average work day must consist of not less than 6 2/3 hours, and at 75 cents per hour will consist of not less than $5 as average daily wages. An average of *less* hours per day would not render forty hours available per week; an average *of more* per day would run the number of hours per week into overtime. Consequently the average earnings per week would be, in the absence of other factors, $30, upon which would be figured weekly compensation. But there are other factors, those of weather and lack of material; and under the evidence these factors had prevented the claimant from ever earning the full $30 weekly, but only an average of $19.03, the sum weekly the defendants in error contend to be the correct amount on which weekly compensation should be figured, and as found by the board

and approved by the court. We look to these factors as they were shown to have affected the daily wage on the *date* of the accident. As to the factor of weather, in the absence of evidence we must assume that the periods of good and bad weather followed their usual pattern, that of existing in sequence, so that in good weather the work was steady, and in bad weather the work was broken or suspended. As to the factor of lack of material, in absence of evidence we must assume that employment was for full performance save only as that performance was prevented by lack of material. The evidence is conclusive to the effect that the claimant was *working* on the date of the accident, from which it must be inferred that the weather was such as not to prevent steady work on that day, and from which it must be inferred that there was no lack of material to prevent steady work on that day. We think these exceptions were matters of defense and should have been proved by the defendants in error, if they were in any way abridging that particular day of work. No evidence to that effect was offered. Moreover, no evidence was offered that these factors were obtaining over from the weeks before the accident, and were affecting the week of the accident, or would in any way have affected the future employment of the claimant had he not been injured, so as to prevent him in the future from working the full weeks and earning weekly $30. On the date of the accident the claimant was earning $5, without abridgment; that wage established is the criterion. It follows that the amount of the weekly wage on which the compensation must be computed is $30, rendering the amount of weekly compensation $15. Under *Carter* v. *Ocean Accident &c. Co.*, supra, the rule is not altered because there might be parts of the week when the claimant might not have worked, when the average (approximate) wage is established on the *date* of the accident, as was in this case.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*