29511. NEW AMSTERDAM CASUALTY CO.,*et al. v.* DAVIS.

DECIDED JULY 6, 1942.

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiffs in error.
*Ernest J. Haar,* contra.

STEPHENS, P. J.   Mrs. Gertrude Davis filed with the Industrial Board a claim for compensation for the death of her husband. The claim was against the Jackson Motor Company, employer of her husband at the time of his death, and New Amsterdam Casualty Company, insurance carrier.   The single director found in favor of the claimant, granting compensation at the rate of $17 per week for 300 weeks, and in so doing found from the evidence that the regular wage of the employee at the time of his death was $48 a week.   It appeared undisputed from the evidence that the claimant's husband was generally employed by the motor company as an automobile mechanic, working on a commission basis, and that on the day of his death, which was on Sunday, October 20, 1940, he was engaged in transporting for his employer an automobile from one place to another.   So far as it appears from the evidence no contract was made with him as to the amount of compensation to be paid him for this particular work which he was doing on a Sunday, a non-work day, at the time of his death.   After his death his employer paid to the claimant the sum of $8.

There was evidence as to the various commissions which the deceased had earned for a number of weeks before his death, including the week immediately preceding his death.   These amounts varied considerably from day to day and from week to week.   On this evidence the director found that the regular wage of the deceased as the basis for compensation was $48 a week, and based this finding on the assumption that his regular wage at the date

of his death was $8 per day, and that for a six-day week, which the director held was the number of days constituting the work week, the regular wage for the week would be $48 a week, or $8 per day.

It appeared from the evidence that at the time of the death of the deceased, which was on Sunday and was not a work day falling within the period of time within his general employment, he was performing a duty different from that of his general employment of automobile mechanic, and which consisted in transporting for his employer an automobile from one place to another. Unquestionably his wage, as evidenced by the amount actually paid to his widow for the services rendered by him for his employer on the Sunday on which he was killed, was $8 for that day. Whether $8 per day or $48 per week should be regarded as his regular wage, or whether the commissions earned by him during the preceding week, or other weeks preceding that week, should be considered in ascertaining the regular wage of the employee at the date of his accident, the director gave compensation on the basis that the deceased's regular wage was $40 per week, and awarded compensation in an amount equal to 85 per cent. of one half of this wage, namely, $20, making a compensation award of $17 per week. Under the compensation act compensation is payable for the death of an employee in a sum equal to 85 per cent. of one half of the regular wage. Code, §§ 114-413 (b), 114-404; Ga. L. 1937, pp. 528, 531, Ga. L. 1939, p. 234. It appears from the evidence that on Friday, October 18, immediately preceding the death of the deceased on Sunday, October 20, he was paid for commissions earned for the week ending Friday the 18th, the sum of $42.46. It appeared from the evidence that on October 25, which was after his death, "there was $5.38 set up for him on that week's pay roll." Whether or not this $5.38 should be added to the $42.46 as representing the deceased's regular wage for the preceding week, it necessarily appears that the deceased during the preceding week had earned at least $40. On the basis of $40, as has already been seen, the director awarded compensation.

Whether or not the deceased's regular wage was $8 per day or $48 a week for a six-day week, or was less than that amount, it was at least $40. No question except the computation of the amount of compensation is presented for decision. The award of

520

the director, which was approved by the full board, was authorized, and the judge did not err in affirming it.

Judgment affirmed. *Sutton and Felton, JJ., concur.*