BITUMINOUS CASUALTY CORPORATION *et al.* *v.* SAPP.

No. 14594. JULY 8, 1943.

  *T. Elton Drake* and *William E. Ball,* for plaintiffs in error. *Victor Davidson,* contra.

  BELL, Presiding Justice. In this case, the Court of Appeals certified five questions, as follows, the fourth and fifth having been added by amendment:

"Where an employee working under the Federal wage and hour law worked four days of a certain week, ten hours a day, at thirty cents an hour, worked the fifth day of ten hours at forty-five cents an hour, and while working the sixth day of ten hours at forty-five cents an hour received an injury in the course of and growing out of his employment, having worked six days per week, ten hours per day, for 'several weeks' before his injury:

"1. Is his compensation for temporary total disability to be based on thirty cents an hour and a four-day week of forty hours?

"2. Is his compensation for temporary total disability to be based on thirty cents an hour for a six-day week of sixty hours?

"3. Is his compensation for temporary total disability to be based on forty-five cents an hour for a six-day week of sixty hours?

"4. Is his compensation for temporary total disability to be based on a total weekly wage of 30 cents an hour for 10 hours in each of the four days, and 45 cents an hour for 10 hours a day on the fifth and sixth days?

"5. If each of the original three questions, and the question numbered 4 above, should be answered in the negative, what is the regular wage on which compensation should be based, in such a case?"

It is our opinion that questions 1, 2, and 3 should be answered in the negative, and that question 4 should be answered in the affirmative. In this view, no answer to question 5 is required.

Under the workmen's compensation law, the compensation of an injured employee shall be computed on basis of the regular wage received by him on the date of the accident, where he was receiving a "regular wage;" and in such case, if the incapacity is total, the employer, subject to a maximum and minimum not here involved, shall pay to the employee a weekly compensation equal to one half of such regular wage. Code, §§ 114-402, 114-404; *McBrayer* v. *Columbia Casualty Co.,* 44 *Ga. App.* 59 (160 S. E. 556). According to the questions certified, total disability is involved, even though it may be only temporary. Cf. Code, § 114-406. As we view the matter, the Federal wage and hour law has no bearing whatever upon compensation for injury, except that because of it the employee may have been receiving a different wage. For the provisions of this statute, see 29 U. S. C. A., §§ 201-219; and as to construction see Missel *v.* Overnight Motor Trans. Co., 126 Fed.

2d, 98; Overnight Trans. Co. *v.* Missel, 316 U. S. 572 (62 Sup. Ct. 1216, 86 L. ed. 1682); Walling *v.* A. H. Belco Corporation, 316 U. S. 624 (62 Sup. Ct. 1223, 86 L. ed. 1716). The question at last is as to the weekly wage; for it is this and this alone that will determine the compensation for total disability.

While the Federal statute fixes a maximum number of hours for each work-week, and a minimum wage for each hour of work within the number specified, it does not prohibit an employee from working for a longer time in any week, if he is paid for overtime, "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U. S. C. A. §§ 206, 207. The "regular rate" as thus mentioned in section 207(3) merely fixes the basis for determining overtime wages under that statute, and has nothing to do with "regular wage" under the Georgia workmen's compensation act. Even the increased pay for overtime may enter into the regular wage, within contemplation of the Georgia statute, where it is received regularly. Such appears to have been the case in this instance; for, as we interpret the questions propounded, the employee had worked ten hours a day for six days in each week for "several weeks" before his injury, receiving therefor thirty cents an hour for the first four days, and forty-five cents an hour for the fifth and sixth days. Thus the employee had been receiving a wage of $21 for several weeks, and this became his "regular wage" under the compensation act. It would not be correct to calculate his compensation solely upon thirty cents an hour or solely upon forty-five cents, where the employee had actually worked for ten hours a day for six days, receiving thirty cents an hour for a definite portion of the time and forty-five cents an hour for the definite remainder, and had continued to do so for "several weeks" at the time of his injury; but his entire earnings per week would be his "regular wage" in such case. This conclusion accords with the ruling in *Carter* v. *Ocean Accident & Guarantee Corporation,* 190 *Ga.* 857 (11 S. E. 2d, 16), where the employee had been working regularly three days per week, but was not working at all during the remainder of the week; and it was held that his daily wage should be multiplied by six to determine his regular weekly wage for compensation under the compensation act.

While the employee here was receiving 45 cents an hour on the date of the accident, this was not his regular *weekly* wage, where he

434

was working regularly six days a week and on four of these days received a different wage. Nor, as we have stated, can the thirty cents an hour for either four or six days be accepted as the sole basis. The criterion is the regular weekly wage, and not the daily wage, on the date of the accident.

So, on the facts recited, compensation for total disability should be based on the total amount at thirty cents an hour for ten hours during each of the four days, and forty-five cents an hour for ten hours a day on fifth and sixth days, making in all a regular weekly wage of $21.

This answers the fourth question in the affirmative, and the other questions in the negative, so far as instructions were requested by the Court of Appeals. See *Georgia Power Co.* v. *McCook,* 48 *Ga. App.* 138 (172 S. E. 78); *Maloney* v. *Kirby,* 48 *Ga. App.* 252 (172 S. E. 683); *Metropolitan Casualty Insurance Co.* v. *Maloney,* 56 *Ga. App.* 74 (192 S. E. 320); *Ætna Casualty & Surety Co.* v. *Prather,* 59 *Ga. App.* 797 (2 S. E. 2d, 115); *Googe* v. *United States Fidelity & Guaranty Co.,* 63 *Ga. App.* 678 (11 S. E. 2d, 803); *New Amsterdam Casualty Co.* v. *Davis,* 67 *Ga. App.* 518 (21 S. E. 2d, 256); *Maryland Casualty Co.* v. *Morris,* 68 *Ga. App.* 239 (22 S. E. 2d, 627); Kildow v. Industrial Commission of Ohio, 128 Ohio, 573 (192 N. E. 873); Leatherbury v. Early, 109 Ind. App. 51 (32 N. E. 2d, 99).

The statute provides for other methods of adjusting or computing compensation where there is no regular wage; but under the facts indicated in the questions here certified, a regular weekly wage appears, and therefore we are not concerned with other bases of computation. *All the Justices concur.*