NATIONAL PRESSURE COOKER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*September 13—October 22, 1946.*

For the appellants there was a brief by *Wilkie, Toebaas, Hart & Jackman* of Madison, and oral argument by *Oscar T. Toebaas.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

RECTOR, J. The only question in this case concerns the amount of compensation to which respondent Severson is entitled. The company contends that her weekly benefits should have been computed on an average weekly earning of $26.40, whereas they were computed on the basis of an average weekly earning of $28.60. The difference in the two figures exists because of the difference in the rate at which the weekly compensation is figured.

The statute relating to the computation of earnings, so far as material, reads:

102.11 (1) (a) "Daily earnings shall mean the daily earnings of the employee at the time of the injury in the employment in which he was then engaged. In determining daily earnings under this paragraph, overtime shall not be considered. . . . The average weekly earnings shall be arrived at by multiplying the daily earnings by the number of days and fractional days normally worked per week at the time of the injury in the business operation of the employer for the particular employment in which the employee was engaged at the time of his injury."

The company contends that average weekly earnings should be figured by computing the compensation for an eight-hour

day at fifty-five cents an hour and multiplying this figure by six, the number of eight-hour days in the work week. The commission included in its computation the extra rate of pay required by the federal Wage and Hour Act and by the union contract to which reference has been made. Thus, it figured employment for forty hours a week at the rate of fifty-five cents an hour, plus employment for eight hours a week at the rate of eighty-two and one-half cents an hour. It then allocated the total week's compensation to the several working days on the basis of equality, and having determined a normal day's compensation, it multiplied that figure by the number of working days in the week.

The case comes down to the question of whether the commission's method of computation disregards the statute by including overtime. The company concedes that weekly earnings must be based on a forty-eight-hour week and it thereby must concede that the extra eight hours over and above the forty-hour week provided for by the federal Wage and Hour Act and the union contract are not overtime within the meaning of the statute. It follows that the added rate of compensation for this eight-hour period is not compensation for overtime.

The purpose of the statute relating to calculation of average weekly earnings is to base compensation upon the normal income that one derives from his employment. That was precisely what the commission did in this case. The normal weekly income derived by the respondent Severson was $28.60, the figure used by the commission. It might seem strange to arrive at this figure by first determining the average weekly wage, dividing it by six, the number of weekly work days, to determine the daily wage and then multiplying the daily wage by six in order to determine the average weekly wage. But the added rate of compensation incident to the last eight hours' work during the week must in some way be figured into the normal earnings. Bearing in mind that the

normal work week consisted of six eight-hour days, the same result would follow from taking the daily wage of the first five days, $4.40, multiplying it by five and adding the increased wage of the sixth day. This would avoid the objection that the daily wage was determined from the weekly wage rather than the weekly wage from the daily wage, as prescribed by the statute. The result is correct in either case, however, and accomplishes the statutory purpose.

For cases in other jurisdictions supporting the view we have taken, see: *Bituminous Casualty Corp. v. Sapp* (1943), 196 Ga. 431, 26 S. E. (2d) 724; *Simpkins v. Martin Dye & Finishing Co.* (N. J. Dept. of Labor) 36 Atl. (2d) 611; *Coté v. Bachelder-Worcester Co.* (1932) 85 N. H. 444, 160 Atl. 101; *International L. Asso. v. National Terminals Corp.* (D. C. 1943) 50 Fed. Supp. 26.

*By the Court.*—Judgment affirmed.