Submitted December 15, reversed and remanded December 27, 1976

# LUOMA, *Petitioner,*
## *v.*
# EMPLOYMENT DIVISION, *Respondent.*
### (No. 76-AB-496, CA 6498)
558 P2d 366

Delilah M. Luoma, Klamath Falls, filed the brief pro se for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Kevin L. Mannix, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner seeks judicial review of a decision by the Employment Appeals Board that she should be denied unemployment benefits because she "voluntarily left work without good cause." ORS 657.176(2)(c).

The facts are undisputed. Before January 5, 1976, petitioner worked as an apartment-building manager and bookkeeper on a full-time basis, i.e., 40 hour per week, and was paid at a rate of $625 per month. From January 6, 1976 to February 5, 1976, she was allowed to work only 20 hours per week and beginning February 9, 1976, only 12 hours per week. Her hourly wage remained constant.

We agree with the opinion of the dissenting member of the Employment Appeals Board and adopt it. It reads:

"* * * Claimant worked for many years [27] as manager and bookkeeper for the housing complex involved. New management sent a husband-wife team to work with claimant and she anticipated they would eventually replace her. Claimant aided and trained the new team for a number of months and was rewarded by having her working hours reduced from 40 a week to 20 hours a week on one day's notice. An additional period of time passed and the new management directed that bookkeeping activities previously performed by the claimant should be transferred to their control in California. Claimant was abruptly reduced from 20 hours to 12 hours of work per week. Claimant anticipated she would be subject to short term dismissal at the convenience of the employer. At this time the employer's representative described claimant's duties as primarily typing.

"The transformation of claimant's duties from full time bookkeeper to part time typist with no assurance of continued employment represented an offer of new work which claimant was justified in refusing. Claimant's leaving was voluntary with good cause."

Reversed and remanded.