674 So.2d 234 (1996)
Rodney BREAUX
v.
Wilfred HOFFPAUIR and Louisiana Workers' Compensation Corporation.
No. 95-C-2933.
Supreme Court of Louisiana.
May 21, 1996.
*235 Michael Benny Miller, Miller & Miller, Crowley, for Applicant.
David Keith Johnson, Baton Rouge, for Defendant.
KIMBALL, Justice.[*]

I. Issue
We granted writs in this case to determine if the amount of temporary total benefits due a worker under La.R.S. 23:1021, et seq., should be computed on his actual wages earned or on the federal minimum wage provided for by the Fair Labor Standards Act, 29 U.S.C. 201, et seq., where a worker who is injured is being paid less than he is entitled to under the federal minimum wage law. We conclude that the term "wage" as used in La.R.S. 23:1021, et seq., means the legal wage that a worker must be paid under the Fair Labor Standards Act.

II. Facts
The underlying facts of this case are not disputed by the parties. Rodney Breaux ("claimant"), was employed as a farmhand by Wilfred Hoffpauir.[1] While claimant routinely worked twelve hours per day, six days per week, he was paid only $240.00 per week in wages. Claimant asserts, however, his weekly pay should have been $170.00 in regular pay and $204.00 in overtime for a total weekly wage of $374.00 under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("the federal minimum wage law").
On October 13, 1992, claimant injured his back while unloading a bail of hay. Claimant brought this workers' compensation claim against defendants. The parties stipulated at trial that claimant's injury occurred arising out of and in the course of his employment *236 and that claimant was entitled to temporary total disability benefits pursuant to La.R.S. 23:1221(1).
At trial before the hearing officer, claimant contended that although his actual wages were below federal minimum wage, his workers' compensation benefits should be based on the federal minimum wage. The hearing officer, interpreting "wages" as used in the Workers' Compensation Act to mean "actual wages," rejected claimant's contention and based her award of benefits on claimant's actual wages of $240.00 per week. Claimant appealed this decision to the third circuit court of appeal, which affirmed. Both lower tribunals pretermitted determining whether this particular claimant in fact fell under the scope of the Fair Labor Standards Act or worked under the exceptions thereto. Claimant sought a writ in this court which was granted to resolve this issue. 95-C-2933 (La. 2/9/96).

III. The Law
Under the Louisiana Workers' Compensation Act ("the Act"), an employee who proves his entitlement to temporary total disability receives "sixty-six and two-thirds percent of wages during the period of such disability." La.R.S. 23:1221(1)(a).[2] "Wages" is defined under the Act as "average weekly wage at the time of the accident." La.R.S. 23:1021(10).
The federal Fair Labor Standards Act establishes that, subject to some exceptions, all workers should be paid at least $4.25 per hour for the first forty hours worked per week. 29 U.S.C. 206. Additionally, employers are required to pay employees one and one-half times the employee's regular rate of pay for every hour the employee works in excess of forty hours in a week. 29 U.S.C. 207.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.Civ.Code art. 9 (emphasis added); see Louisiana Associated General Contractors, Inc. v. State, Division of Administration, Office of Purchasing, 95-2105, p. 14, (La. 3/8/96), 669 So.2d 1185, 1196. Because interpretation of the instant statutes as written to mean "actual wages" in cases where such a wage is illegal under the Fair Labor Standards Act would lead to the absurd consequence of a court of this state giving further effect to an illegal wage, this court may look to the reason or reasons that prompted the legislature to enact the law. Keelen v. State Department of Culture and Recreation, 463 So.2d 1287, 1289 (La.1985); State v. Marsh, 233 La. 388, 393, 96 So.2d 643, 645 (La.1957). Courts should not adopt a hypertechnical construction of a statute to deny benefits when a reasonable interpretation can be adopted which will carry out the legislative intent. Guste ex rel. Courville v. Burris, 427 So.2d 1178, 1182 (La.1983). Furthermore, statutes should be interpreted in light of strong public policy. Gulf Oil Corp. v. State Mineral Board, 317 So.2d 576, 585 (La.1974).
The legislative intent and public policy behind the Workers' Compensation Act and the federal minimum wage law are clear. The Federal Minimum Wage Act is "remedial and humanitarian in purpose and must not be interpreted or applied in a narrow, grudging manner." New Orleans Firefighters Association v. Civil Service Commission of the City of New Orleans, 422 So.2d 402, 412 (La.1982); Tennessee Coal, Iron, and Railroad Co. v. Muscoda Local No. 123, 321 U.S. 590, 597, 64 S.Ct. 698, 703, 88 L.Ed. 949, 956 (1944). Furthermore, "[t]he motive and purpose of the legislation are plainly to make effective the congressional conception of public policy that interstate commerce should not be made the instrument of competition in the distribution of goods produced under substandard labor conditions, which competition is injurious to the commerce and to the states from and to which the commerce flows." New Orleans Firefighters Association, 422 So.2d at 412; United States v. Darby, 312 U.S. 100, 115, 61 S.Ct. 451, 457, 85 L.Ed. 609, 617 (1941); see also Yates v. KTBS, Inc., 197 So.2d 368, 370 (La.1967) (Wherein this court *237 noted both "[t]he remedial nature of [the minimum wage] statute and the great public policy which it embodies.") (emphasis added).
One of the primary goals or purposes of the Workers' Compensation Act is similar to the primary purpose of the Federal Fair Labor Standards Actproviding protection to workers. Another of the policies behind the Workers' Compensation Act is to keep the injured employee and his or her family from destitution. Stelly v. Overhead Door Co. of Baton Rouge, 94-0569, p. 3 (La. 12/8/94), 646 So.2d 905, 909. In light of the policies behind the Workers' Compensation Act, this court has adopted special rules for interpreting its provisions such that to effectuate the remedial policy of the Act, its provisions should be liberally construed in favor of the claimant. Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52, 55 (La.1993).
With these precepts in mind, we turn our attention to whether "wages" as used in La. R.S. 23:1221(1)(a) should be interpreted to require calculation of benefits based on the federal minimum wage where a claimant's actual weekly wage was in violation of the federal minimum wage laws, i.e., where the claimant was not being paid a legal wage thereunder.

IV. Analysis
Allowing an employer who has failed to pay the wage required under the federal minimum wage laws to further take advantage of its illegal actions by obtaining a judgment of a court of this state awarding compensation benefits calculated on the illegal wage paid is an absurd consequence which the legislature certainly could not have intended. Although failure to pay the legal wage under the Fair Labor Standards Act constitutes a violation of a federal law, the legislature, had it contemplated this situation, would undoubtedly desire that an award of benefits under state law not perpetuate or further an illegality under federal law. Since the legislature is presumed never to have intended absurd results and it is the duty of this court to restrict broad statutory language if it is convinced the legislature did not intend such effect, Green v. Louisiana Underwriters Insurance Co., 571 So.2d 610, 613 (La.1990), we believe the term "wages" as used in La.R.S. 23:1221(1)(a) contemplates that where a claimant was receiving less than he was due under the Fair Labor Standards Act, his benefits under the Workers' Compensation Act must be calculated using the federal minimum wage. To hold otherwise would contradict the strong public policies behind the Workers' Compensation Act and the Fair Labor Standards Act. An interpretation of "wages" that does not include the federal minimum wage as the floor in calculating workers' compensation benefits would not be in accord with the "great public policy" of this state of upholding minimum wages for employees.
Our conclusion is strengthened by the fact that we are interpreting a workers' compensation statute and are bound to construe it in favor of the claimant. Pinkins, supra. In this regard, the Workers' Compensation Act, taken as a whole, shows that the legislature intended the Act to favor workers, as evidenced by presumptions in the Act which favor the employee. See, e.g., La.R.S. 23:1021(10) (Determining average weekly wage by multiplying the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater.); La.R.S. 23:1044 (Presumption of employee status.).
As we previously noted herein, one of the primary purposes of the Workers' Compensation Act is to keep the injured employee's family from destitution. To hold that an injured worker's benefits should be based on his actual wages even when those actual wages fell below the amount of wages that claimant was entitled to under the Fair Labor Standards Act would not protect the worker and could condemn the injured worker and his family to poverty. Moreover, another purpose of workers' compensation benefits is to compensate an injured worker not only for lost wages, but also for reduced or lost earning capacity. Brooks v. Chicola, 514 So.2d 7 (La.1987). If benefits are intended to replace lost earning capacity and the minimum legal earning capacity of any worker, subject to limited exceptions, is the federal minimum wage, it logically follows that the federal minimum wage law is implicit *238 in the term "wages" as it is used in the Act.
Our conclusion herein was reached by another court, Trujillo v. Tanuz, 85 N.M. 35, 508 P.2d 1332 (1973), and is supported by 2 Arthur Larson, Workmen's Compensation Law, § 60.11 (1995). In Trujillo the workers' compensation claimant was being paid $1.10 per hour even though the federal minimum wage was $1.30. The claimant argued that his workers' compensation benefits should be based on the federal minimum wage rather than his actual wage. The Trujillo court, rejecting two contrary cases from other jurisdictions, Bituminous Casualty Corporation v. Sapp, 196 Ga. 431, 26 S.E.2d 724 (1943), and Lovette v. Reliable Manufacturing Company, 262 N.C. 288, 136 S.E.2d 685 (1964), and relying on Larson, supra, agreed with the claimant and awarded him benefits calculated on the federal minimum wage.
Larson, which criticized the holdings of Sapp and Lovette, and was cited approvingly by Trujillo, states:
If one may assume, for purposes of the legal issue involved, that the fact of payment of less than the required minimum wage is not in dispute, the decisions in the Lovette and Sapp cases are clearly wrong....
Suppose, for example, that the employer, having agreed to pay a certain wage, then simply refused to pay the claimant anything at all. Suppose at the time of hearing the claimant had in fact not been paid a single dollar for his work, although under his agreement with the employer he was entitled to receive $200 a week. Obviously no court would hold that the employee's "average weekly wage" for that period was zero. Yet the situation is somewhat similar. In both instances it becomes necessary to use as a basis for wage calculation, not what the employee was in fact paid, but what he was entitled in law to be paid, in the one instance by private agreement, and the other instance by federal law.
Larson, supra at § 60.11(d) (footnotes omitted).
Defendants contend that La.R.S. 23:1202, which sets the minimum and maximum amounts payable under the Act for permanent total disability and temporary total disability, evidences the legislature's intent to eschew the federal minimum wage in the workers' compensation context. We disagree.
Under La.R.S. 23:1202(B), minimum and maximum amounts payable under the Workers' Compensation Act are determined based on "the average weekly wage paid in all employment subject to the Louisiana Employment Security Law", La.R.S. 23:1471, et seq. La.R.S. 23:1202(B) provides that the minimum compensation for total disability shall not be less than twenty percent of the average weekly wage paid in all employment subject to the Louisiana Employment Security Law. Thus, if sixty-six and two-thirds of the claimant's average weekly wage is less than the amount computed under § 1202(B), the claimant will receive the minimum compensation, unless the employee's total wage is below the minimum, in which case his total wage shall be his compensation rate. The defendant's position is that since the statutory minimum under § 1202(B) was $82.00 at the time of the accident and this amount is less than sixty-six and two-thirds percent of full-time minimum wage pay, there is an implication that the legislature intended to allow "wages" to be computed on an amount less than the minimum wage. The statutory minimum, however, is calculated using the average weekly wage of all employment subject to the Louisiana Employment Security Law, including the average weekly wages of part-time employees, as well as full-time employees. See La.R.S. 23:1472(12). This explains why it is possible for the statutory minimum to be less than sixty-six and two-thirds percent of full-time minimum wage pay. As a result, it does not follow that the legislature intended to eschew the federal minimum wage when setting the minimum for workers' compensation purposes.

V. Conclusion
We hold that when a worker who is paid less than he is due under the Fair Labor Standards Act and is injured arising out of and in the course of his employment, the amount of workers' compensation due to the *239 injured worker under La.R.S. 23:1021 et seq. should be based on what the worker should have been legally paid pursuant to the federal minimum wage. Therefore, we reverse the court of appeal's affirmance of the hearing officer's ruling that "wages" under La. R.S. 23:1221(1)(a) means actual wages in such a case, and remand this case to the Office of Workers' Compensation for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting:
Wages as contemplated by the Louisiana Workers Compensation Act means wages actually paid and not the amount of wages that might have been due under federal minimum wage laws. Any claim for federal minimum wages properly belongs in federal court.
Therefore, I respectfully dissent.
NOTES
[*] Because of the vacancy created by the resignation of Dennis, J., now a judge on the United States Court of Appeals for the Fifth Circuit, there was no justice designated "not on panel" under Rule IV, Part 2, Sec. 3. Panel included chief Justice Calogero and Justices Marcus, Watson, Lemmon, Kimball, Johnson and Victory.
[1] Hoffpauir and his workers' compensation insurer, Louisiana Workers' Compensation Corporation, will be referred to as "defendants."
[2] Any award of benefits for permanent total disability and temporary total disability, however, must fall within the minimum and maximum benefit amounts set forth by La.R.S. 23:1202(B).