WILLIAM L. BURT *vs.* PETER B. BRIGHAM.
SAME *vs.* THOMAS GODDARD.

Suffolk. March 5. — 11, 1875. MORTON & ENDICOTT, JJ., absent.

Under the St. of 1873, *c.* 189, authorizing the taking of land in Boston for a post-office, the only issue to be submitted to the jury is the valuation of the land taken, and the question whether a case has arisen to which the statute applies is for the court.

Under the St. of 1873, *c.* 189, authorizing the taking of land for a post-office in Boston, and providing that, if the parties cannot agree upon the price to be paid for the land, the valuation may be determined by a jury, the filing of a petition for a jury shows the petitioner's election not to agree, and no previous attempt at an agreement is necessary.

TWO PETITIONS filed April 16, 1873, under the St. of 1873, *c.* 189, § 2, by the agent employed by the United States under said statute, praying for the valuation of the respondents' lands, which had been appropriated to the use of the United States, for the enlargement of the post-office in Boston.

At the hearing in the Superior Court, *Pitman*, J., ruled that under the statute the only question to be submitted to the jury was the value of the respondents' estates, and that all preliminary questions of law and fact were for the court.

It also appeared that the statute, under which the proceedings were had, was approved on April 15, 1873, and the judge found that no negotiations or interviews whatever were had between the petitioner and the respondent between the time when the statute was approved and the filing of the petitions, and ruled that it did not appear that the parties could not agree upon the price to be paid for the land, and dismissed the petitions.

The petitioner alleged exceptions to these rulings.

*G. P. Sanger & G. A. Somerby*, for the petitioner.

*T. P. Proctor & W. W. Warren*, for Brigham.

*C. A. Welch*, for Goddard.

WELLS, J.   The St. of 1873, c. 189, has two leading purposes: one to give the consent of the Commonwealth to the exercise of authority by Congress over the lands specified in the statute, in accordance with the provisions of the Constitution of the United States, art. 1, § 8 ; the other to secure to those whose lands should be appropriated, under the authority of Congress, adequate compensation therefor, the amount of which should be ascertained and determined in a manner substantially like that by which it is determined in cases of land taken and appropriated to public uses under the laws of this Commonwealth.   Proceedings for the latter purpose are, of course, unnecessary if the parties agree upon terms of sale and purchase.   The application to the court for a jury is therefore provided for only in case of failure so to agree.

The statute contains no indication as to the extent of negotiations or degree of effort, preceding the application, that may be required in order to entitle the petitioner to have an order for a jury ; and makes no provision for the trial of any issue relating thereto.   It clearly contemplates the trial of no question before the jury but that of the value of the estates taken.

The parties " cannot agree upon the price " if either chooses, however unreasonably, not to make nor accept any proposition therefor.   By filing this application for a jury, the petitioner made and signified his election not to agree ; and that meets the condition upon which the proceeding is to be entertained.   The order dismissing the petitions because proper efforts to agree upon the price had not been made was therefore erroneous.

*Exceptions sustained.*