(No. 12317.—Reversed and remanded.)

THE MISSISSIPPI RIVER POWER COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CORA L. HAYWARD, Plaintiff in Error.)

*Opinion filed October 27, 1919.*

1. WORKMEN'S COMPENSATION—*when employee's failure to observe directions for safety will not relieve employer of liability.* Where an employee of a power company is electrocuted by coming too near a live wire while on a tower for the purpose of doing his work, his contributory negligence in carelessly failing to observe a positive direction not to go near the live wire will not relieve the employer from liability to make compensation.

2. SAME—*filing of a claim with commission is sufficient if employer has notice.* Under section 24 of the Workmen's Compensation act, requiring claim for compensation to be made within six months after the accident, it is not essential that a claim shall have been made previous to presenting the claim to the Industrial Commission, provided the latter claim shall have been presented and the employer notified within the six months.

3. SAME—*section 7f of Compensation act, as amended in 1915, applies only where employer pays compensation voluntarily.* Section 7f of the Workmen's Compensation act, as amended in 1915, giving the employer the option of paying compensation either to the deceased employee's personal representative or to his beneficiaries, applies only to cases where the employer pays compensation voluntarily, without a hearing and determination before an arbitrator or the Industrial Commission. (*Smith-Lohr Coal Co.* v. *Industrial Com.* 286 Ill. 34, followed.)

4. SAME—*section 19 of Compensation act does not require claim for death to be presented by administrator.* While the term "personal representative" ordinarily means an executor or an administrator, the use of the term in section 19 of the Compensation act does not require that in case of the death of an employee the petition shall be filed by the administrator or executor but it may be filed by the beneficiary.

5. SAME—*the Compensation act takes away action for wrongful death of employee.* Where the Workmen's Compensation act applies it takes away all causes of action for the death of an employee and provides compensation according to an established scale.

6. INJURIES—*proceedings for wrongful death are statutory—parties.* A cause of action for an injury resulting in death was

289 – 23

unknown to the common law and is purely statutory, but an amendment of the statute substituting one party for another as the proper person to bring the action merely affects the procedure and does not affect the substantial rights of the parties.

THOMPSON, J.; dissenting.

WRIT OF ERROR to the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding.

SCOFIELD, HARTZELL & CALIFF, HOFFMAN & HOFFMAN, and HOLLINGSWORTH & BLOOD, for plaintiff in error.

O'HARRAS, WOOD & WALKER, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Orin Hayward, a lineman in the employ of the Mississippi River Power Company, was killed on April 16, 1916, by an electric shock received from the company's line. On the application of his mother, Cora L. Hayward, to the Industrial Commission, an award was made to her, which the circuit court of Hancock county on a writ of *certiorari* set aside and she has sued out a writ of error to review the judgment.

The deceased was a young unmarried man and was survived by his father, mother and two sisters. It is claimed that he contributed to his mother's support and that his death occurred in the course of his employment and arose out of it. The defendant in error denies both these claims and insists that no claim for compensation was made within six months, that the proceeding cannot be maintained by the plaintiff in error in her own name, and that section 2 of the Workmen's Compensation act is unconstitutional. The constitutional question is decided adversely to the defendant in error in *Victor Chemical Works* v. *Industrial Board*, 274 Ill. 11.

There was testimony that the deceased had contributed various sums of money to his mother's support during the

four years prior to his death. The fact that she had made a will in his favor is not material. There is no evidence that the will was the result of an agreement to give him all her property or of any agreement.

The company has a transmission line, on which a current of 110,000 volts is conducted, from Keokuk, Iowa, to St. Louis. The line is carried on steel towers from 50 to 55 feet high. The accident happened at a sub-station, where the wires are brought down to a lower tower known as a switch rack. The ground in the immediate vicinity was fenced to keep people out. On the top of the rack were three switches to disconnect different lines. The rack was about 12 by 30 feet. Six men went up on the rack and were at work 20 or 30 feet above the ground. On one side of the rack the wires and cables had been cut out so that there was no current, but on the other side of the rack was a live wire carrying electricity, which was 14 feet from the dead line. A man could work safely within four to six feet of the live wire but not closer. Hayward was not an expert lineman but was working as a helper to one Eckstrom, bringing up tools, handing them to Eckstrom and taking the tools Eckstrom was not using. Charles Cote was the only person who saw the actual occurrence. He stated that the general purpose on the tower was repairing it; that it was not working well and they gave it a general overhauling; that when the electricity struck Hayward it jumped about 15 feet and came over to where he was; that Hayward was at work next to the live line, but he could not tell how close; that Hayward was not at the place where he had been working but had moved about 10 feet, and Cote did not know what he was doing there.

The defendant in error relies upon the case of *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11. Hayward had been directed not to go over to the live side, and the defendant in error regards this prohibition as of the character referred to in that case, quoting from Elliott on Workmen's

Compensation Acts, as limiting the sphere of employment and not merely dealing with conduct within that sphere. Hayward was employed in repairing the tower, and the prohibition against going near the live wire referred to his conduct in doing that work. There is no evidence that he had undertaken to do anything outside of his employment. While no one testified to the particular act he was doing at the time he was struck, if he was doing anything, it is evident that he was on the tower for the purpose of doing his work in the course of his employment, and his contributory negligence in carelessly failing to observe the direction not to go near the live wire does not relieve his employer from liability to make compensation. The theory of the defendant in error is that Hayward deliberately disobeyed orders and walked across the rack into the field of the live wires. The conclusion may fairly be drawn from the evidence that through his inexperience or carelessness he moved too close to the live wires, and in such case the determination of the commission concludes the court.

Section 24 of the Workmen's Compensation act provides that no proceedings for compensation shall be maintained unless claim for compensation has been made within six months of the accident. The claim was filed with the Industrial Commission and notice was served upon the defendant in error within that time. It is not essential that a claim shall have been made previous to presenting the claim to the commission, provided that the latter claim shall have been presented and the employer notified within the six months.

Section 18 of the Workmen's Compensation act provides that "all questions arising under this act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Industrial Board." Section 19 provides that "any disputed questions of law or fact upon which the employer and employee or personal representative cannot agree, shall be determined

as herein provided.   (*a*) It shall be the duty of the Industrial Board, upon notification that the parties have failed to reach an agreement, to designate an arbitrator." The manner in which the notification shall be given and the person by whom it shall be given are not expressly stated in the act, but section 16 provides that "the board may make rules and orders for carrying out the duties imposed upon it by law; which rules and orders shall be deemed *prima facie* reasonable and valid; and the process and procedure before the board shall be as simple and summary as reasonably may be." Section 19 provides that the petitioner may elect to have the dispute determined by a committee of arbitration by filing with the board his election in writing with his petition, and the other party by filing his election in writing within five days of notice to him of the filing of the petition. It also provides that the applications for adjustment of claim, and other documents in the nature of pleadings filed by either party, together with the decisions of the arbitrator and of the Industrial Board, and the statement of facts or stenographic reports provided for, shall be the record of the proceedings of said board. Section 7*g* (which was section 7*f* in the amendment of 1915) provides that compensation to be paid for an injury which results in death shall be paid, at the option of the employer, either to the personal representative of the deceased employee or to his beneficiaries, and that a payment to the personal representative shall relieve the employer of all obligation as to the distribution of such compensation, and the personal representative shall make distribution pursuant to the order of the court appointing him. In *Smith-Lohr Coal Co.* v. *Industrial Com.* 286 Ill. 34, we held that this provision of the statute applied only to cases where the employer paid the compensation voluntarily, without a hearing and determination before an arbitrator or the Industrial Commission. The personal representative mentioned in this provision is clearly the administrator of the deceased employee

or the executor of his will. The defendant in error insists that the same meaning must be given to the term "personal representative" in section 19, and that only the administrator of the deceased employee or the executor of his will can present a claim for compensation to the Industrial Commission.

The term "personal representative" ordinarily means the executor or administrator, but its use in section 19 does not determine who is entitled to file the petition with the Industrial Commission. The Workmen's Compensation act by section 6 takes away all right to recover damages for the death of an employee who is covered by the provisions of the act, and section 11 declares that the compensation provided by the act shall be the measure of the responsibility of the employer who is within its terms. The compensation for an injury resulting in death is fixed by section 7. At the time of this accident, if the employee left a widow, child or children whom he was under legal obligation to support, the compensation was a sum equal to four times the average annual earnings of the employee, not less than $1650 and not more than $3500. If there was no widow or child whom the employee was under a legal obligation to support at the time of his injury, but he left any parent, grandparent or other lineal heir to whose support he had contributed within four years previous to the time of his injury, the compensation was a sum equal to four times the average annual earnings of the employee, but not less than $1650 and not more than $3500. If no amount was payable to the relatives mentioned and the employee left collateral heirs, such a percentage of the above amounts was payable as the deceased's average annual contribution to the support of such collateral dependent heirs during two years preceding the injury bore to his average annual earnings during such two years.

A cause of action for the death of a human being was unknown to the common law. Statutes creating the cause

of action have been passed, sometimes providing for a recovery by an administrator, sometimes by the person entitled to receive the damages. It is purely a matter of statutory regulation. In this State, under the Injuries act, (sometimes called the Lord Campbell act) the action must be brought by the administrator, while under the former Mining act it was required to be brought by the widow or other dependent of the deceased. (*City of Chicago* v. *Major,* 18 Ill. 349; *Litchfield Coal Co.* v. *Taylor,* 81 id. 590.) An amendment of the statute substituting one party for another as the proper person to bring the action is a mere matter of procedure not affecting the substantial rights of the parties. (*Merlo* v. *Coal and Mining Co.* 258 Ill. 328.) The Workmen's Compensation act takes away all causes of action for the death of an employee and provides compensation according to an established scale. It declares to whom the compensation shall be paid, and authorizes the employer of a workman who has sustained accidental injuries resulting in his death to pay the compensation either to the employee's administrator or to the beneficiary entitled to it. If he does not do this, any disputed questions, "if not settled by agreement of the parties interested therein," must be determined by the Industrial Commission in the manner provided by the act. The proceeding to determine these questions is not judicial though it has some of the elements of a judicial proceeding. The Industrial Commission is not a court but a ministerial body having jurisdiction over the operation and administration of the act, with power to make rules and orders for carrying out the duties imposed upon it by law, and the statute provides that the process and procedure before it shall be as simple and summary as reasonably may be. The amount of compensation to be paid is fixed according to the schedule in the statute; the person to whom it is due is fixed. The estate of the deceased has no interest, for under no circumstances can any part of the compensation be paid for its benefit.

The only reason an administrator ever could maintain a suit for the death of his intestate was because the statute giving the right of action for the benefit of the widow and next of kin directed that suit should be brought in the name of the personal representative. The Workmen's Compensation act gives a right to compensation to certain persons—in this case the mother. It provides for the adjustment of the right by an administrative body. The proceeding is not a lawsuit, and the statute does not expressly or by necessary implication require that it shall be begun by an administrator. The compensation is due to the mother, and neither the estate nor any other person is interested in it. The natural person to file the petition is the person to whom payment should be made, who alone is interested. It does not appear whether or not the commission has adopted any rules of procedure, but certainly the simplest and most summary way was to act, as the commission did, on the petition of the beneficiary, who alone was interested in the claim. Of course, if the statute required the proceeding to be in the name of the administrator, he alone could begin it. But the statute does not require it. An employer may pay compensation either to the administrator of the deceased employee or his beneficiary. If this is not done and any dispute arises, the administrator, the beneficiary or the employer may file a petition with the Industrial Commission for the adjustment of the claim and the commission may then proceed to determine the matter. If any question arises as to who is entitled to the compensation, the commission may require all claimants or possible claimants to be notified and may determine who is entitled to it, as was done in the case of *Smith-Lohr Coal Co.* v. *Industrial Com. supra.* In this case the only possible claimants were before the commission; the father made no claim; the evidence showed he was not entitled to compensation; he had assigned his rights to the plaintiff in error, and the six months' time for giving notice of claim had expired.

The judgment of the circuit court is reversed and the cause is remanded, with directions to quash the writ of *certiorari.*

*Reversed and remanded, with directions.*

Mr. JUSTICE THOMPSON, dissenting:

I regret that I cannot agree with the reasoning or the conclusions reached in the majority opinion filed in this cause.

The Compensation act clearly contemplates that no proceeding shall be brought before the Industrial Commission except where the parties fail to reach an agreement. In other words, the purpose of the act is to provide a standard by which the employer and employee can agree on the compensation due. This affords speedy and inexpensive justice for the injured employee, or, in case of the employee's death, for his beneficiaries. The act specifically provides that no proceeding for compensation under the act shall be maintained unless a claim for compensation has been made within the time specified. Clearly, the purpose of this claim is to afford a basis for discussion so the parties will have an opportunity to agree. If the employee or his representative does not file a claim with the employer, the employer has no opportunity to adjust the loss if so disposed and both parties lose the advantages of the act. In the instant case no claim whatever was filed with the employer, but, without making any effort to get a settlement, the applicant filed a claim with the Industrial Board more than five months after the accident, and the first notice the employer had of a claim growing out of this accident was when it received notice of the filing of the claim from the Industrial Commission, nearly six months after the accident. In other words, the very purpose of the act was defeated by the failure to file a claim for compensation with the employer.

The main contention in this case is whether the proceeding must be instituted by an administrator or other personal

representative, or whether it can be carried on in the name of one of the beneficiaries. Section 19 of the Compensation act of 1915 (the one under which this proceeding is brought) provides: "Any disputed questions of law or fact upon which the employer and employee or personal representative cannot agree shall be determined as herein provided." The purpose of this section is to determine by whom and in whose name action shall be brought in case the parties cannot agree. If alive, the employee brings the action; if he be dead, then his personal representative. "The term 'personal representative' has been uniformly held to mean the executor or administrator of the deceased and not to include the next of kin." (5 Ency. of Pl. & Pr. 853.) In construing the Injuries act (Hurd's Stat. chap. 70,) we held that the words "personal representative" meant the executor or administrator. *City of Chicago* v. *Major,* 18 Ill. 349.

It is contended by plaintiff in error that the term "personal representative" may mean next of kin. When the sense will bear it, the usual and popular meaning must be given to words found in a statute. (*Culver* v. *Waters,* 248 Ill. 163.) Had the statute failed to provide by whom the action should be brought, it must, under the general rule, have been brought by and in the name of the personal representative,—the administrator or executor. The only exception is where it affirmatively appears from the pleadings that there have been no letters of administration granted and that the estate owes no debts. (*Moore* v. *Brandenburg,* 248 Ill. 232.) In this case no such situation appears from the pleadings. Here the statute vests in the personal representative the right of action, and that person, alone, has control of the proceedings. *Washington* v. *Louisville and Nashville Railway Co.* 136 Ill. 49.

There is another section of this act which has for its purpose the fixing of the amount of compensation and to whom it shall be paid. Paragraph (*f*) of section 7 of the

act of 1915 provides that "the compensation to be paid for injury which results in death, as provided in this section, shall be paid at the option of the employer either to the personal representative of the deceased employee or to his beneficiaries." Here is affirmative language in this act showing that a "personal representative" is a person distinct from a "beneficiary." Where a word is used in several clauses of a statute, the same meaning will be given it in each part unless there is something in the context of the statute indicating that the legislature intended to give it a different meaning. (*People* v. *Busse,* 240 Ill. 338.) So if the term "personal representative" here means administrator or executor it must necessarily be given the same meaning in section 19, because there is nothing to indicate that the legislature intended a different meaning. Under said section 7 a settlement is contemplated without the intervention of the Industrial Commission. If a settlement is made and the money paid to the beneficiaries named in the act the employer is protected from another claim, but if a settlement is not made, then by section 19 of the act a personal representative must maintain the proceedings. Since the right of action is purely statutory, the law is well settled that the action can only be brought by and in the name of the person to whom the right to sue is given by statute. There is no provision in the act which either expressly or impliedly authorizes the bringing of this action by a beneficiary when the employee is dead.

I do not pass on the wisdom of the provision in the act of 1915 requiring the proceeding to be maintained in the name of the personal representative. That is a question which rests with the legislature, and by reference to the Compensation act, as amended by an act approved June 28, 1919, it would appear it has decided the provision was not a wise one. By this amendment it will be seen that the term "personal representative" is omitted from section 19, and if the present act were the one under which

this proceeding had been brought I would concur in the conclusion on this point reached in the majority opinion.

Furthermore, there is, in my opinion, no proof in this record showing that the deceased contributed to the support of plaintiff in error. According to her own testimony she owned forty acres of land in Michigan, on which she resided, and she was paying for another forty, on which there remained a debt of $200. Her husband, an able-bodied man fifty-six years old, lived with her on the farm but worked in the timber. He had personal property valued at $1700, and from his earnings he kept the house and paid the grocery bills. It appears that there was some trouble between the father and son and that the son could not or would not live at home. It further appears from the testimony of plaintiff in error that she had made an arrangement with her son by which he was to furnish her money when she needed it, and in return she had made a will by which he was to receive, on her death, all her property. According to her testimony, during the four years prior to his death her son had furnished her different sums of money, amounting in all to slightly over $300. Seventy-five dollars of this was given her to apply on the purchase price of the forty acres she was buying and $170 was given her to pay for farm work, such as caring for and harvesting the crops. On three occasions he gave her money which she used in paying railroad fare on trips to railroad points in Michigan and elsewhere. On three or four occasions he sent her small sums of money which she used to buy some articles of clothing for herself and her adult daughters. All of these sums were sent to the mother at irregular intervals. Under the circumstances shown by this record the son was under no legal obligation to support his mother. There is no presumption that sums of money given a parent by a child, where the child is under no legal obligation to support the parent, are contributions to this parent's support. (*Bromwell v. Bromwell*, 139 Ill. 424.) The pre-

sumption is rather that the sums were owing to the parent or that they were given the parent as presents. Because a son who is earning more than $100 a month sends $10 or $15 a year to his mother is no proof whatever that he is contributing to his mother's support. Clearly, the money sent by the son to apply on the property which he was assured he would receive by will is not a contribution to the mother's support. The burden is on the applicant to prove every element essential to sustain the award. (*Ohio Building Vault Co.* v. *Industrial Board,* 277 Ill. 96; *Savoy Hotel Co.* v. *Industrial Board,* 279 id. 329; *Wisconsin Steel Co.* v. *Industrial Com.* 288 id. 206.) From a careful study of this record I am convinced that the plaintiff in error has wholly failed to prove that deceased made any contributions toward her support.

It is my view that the circuit court was right when it quashed the award of the Industrial Commission, and its judgment should be affirmed.