220 P.2d 685

**NEWELL v. SUNSHINE MINING CO.**
**(NEWELL, Intervenor).**

No. 7623.

Supreme Court of Idaho.

July 10, 1950.

Frank L. Benson, Boise, for appellant.

H. J. Hull & Sons, Wallace, for Sunshine Mining Co.

Keane & McCann, Wallace, for intervenor.

KEETON, Justice.

On August 8, 1947, Charles Newell, a married man, appellant, employed by the Sunshine Mining Company, hereinafter referred to as the Company, sustained a personal injury by accident arising out of and in the course of his employment.

He was paid total temporary disability from the date of the injury until November 17, 1947, at which last date he returned to work and worked more or less continuously until the time of the hearing. He was certified as surgically healed on November 17, 1947, and at a hearing before the Board held on the 6th of December, 1949, it found that the claimant's condition was sufficiently stabilized on November 17, 1947, to be rated for permanent partial disability, which the Board found to be forty-five percent of

the loss of the foot at the ankle, and compensation, in addition to the total temporary disability, awarded the claimant in the sum of $946.69. The amount of the award fixed by the Board was based on competent substantial evidence to support the same, and we find no error in this regard.

During the course of the proceedings before the Board, Betty Newell, wife of the claimant at the time of the accident, divorced on the 18th day of December, 1947, was made a party as intervenor and entered an appearance, claiming one-half of any award made. At the trial of the cause thereafter, the Board held it was without jurisdiction to adjudicate her alleged claim or right, if any, to any part of the proceeds of claimant's recovery, and disallowed her claim.

In its answer to claimant's petition, the Company alleged: "That on the 18th day of December, 1947, a decree of divorce was entered in the District Court of the First Judicial District of the State of Idaho, in the case of Betty Newell vs. Charles Newell, being Case No. 10350, and that the decree of divorce contained this provision: 'That the plaintiff has a one-half interest in any sum of money owing from the Sunshine Mining Company to said defendant as a consequence of an injury in the form of a settlement, and that said Sunshine Mining Company is hereby ordered to pay one-half of any such sum to the plaintiff, Betty Newell, whenever a determination of the amount owing to said defendant is made by

said company, and that the service of a copy of this decree upon said Sunshine Mining Company shall be its authority to make said payment to the plaintiff, Betty Newell.' The defendant further alleges that a copy of the decree just referred to has been served upon it."

In its prayer, the Company asked the Board to specify the disposition of the proceeds of the award as between claimant, Charles Newell and his divorced wife, Betty Newell. This the Board refused to do holding that the above matter in avoidance constituted no defense.

In the Board's ruling of law it ruled: "claimant (Charles Newell) is entitled to recover from defendant specific indemnity at the rate of $17.00 per week for a period of 99% of 56.25 weeks, an aggregate of $946.69", and in the award ordered as follows: "It hereby is ordered that claimant, Charles Newell, in addition to the total temporary compensation which he has heretofore received, be and he is hereby awarded specific indemnity as above set forth * * * all of which has accrued payable by the defendant Sunshine Mining Company."

Contentions of both appellant and respondent Company advance the theory that the Industrial Accident Board should have determined the rights as between claimant and his former wife, Betty Newell. The appellant contends that the Industrial Accident Board should have, in effect, set

aside the judgment of the district court for the reasons: first, that it (the district court) was without jurisdiction to enter the order; second, that all questions arising under this act, Workmen's Compensation Act, shall be determined by the Board; third, that all compensation provided for shall be paid to the injured workman, except only in cases of death; fourth, that all compensation and claims therefor shall be exempt from all claims of creditors; fifth, that the former wife had abandoned her claim; sixth, that the district courts are without jurisdiction over compensation claims by way of attachment or execution.

The Company contends that the Board should specify the disposition of the proceeds of the award as between claimant, Newell, and his divorced wife, by enforcing the judgment of the district court.

The jurisdiction of the Industrial Accident Board is limited to powers conferred upon it by the legislature. Its jurisdiction extends to an adjudication of claims of injured workmen, or persons dependent upon the workmen, subject to the limitations contained in the legislative act. Nowhere in the act is the Board given jurisdiction to determine conflicting claims between an injured workman and his wife, or former wife, and the Board was correct in its ruling that it was without jurisdiction in the instant case to make an award, or order payment to be made to anyone except the injured workman.

Where an injured workman claims compensation due to total temporary disability or partial permanent disability, the act specifically provides to whom the compensation shall be paid.

Sec. 72-201, I.C. provides: "If a workman receives personal injury caused by an accident arising out of and in the course of any employment covered by the Workmen's Compensation Law his employer or the surety shall pay compensation in the amounts and to the person or persons hereinafter specified."

Sec. 72-310, I.C.: "Where the injury causes total disability for work, the employer during such disability, but not including the first seven days thereof * * * shall pay the injured employee weekly compensation equal to fifty-five percent * * *."

Sec. 72-312, I.C.: "Where the injury causes partial temporary disability for work, the employer, during such disability * * * shall pay to the injured workman a weekly compensation * * *."

Sec. 72-702, I.C.: "No claims for compensation under this act shall be assignable, and all compensation and claims therefor shall be exempt from all claims by creditors. Claims of attorneys and of physicians for services under this act shall be subject to the approval of the board."

Original jurisdiction of controversies between husband and wife, the granting of divorces, the division of property, allow-

ance for the wife's support, and other matters incident to a dissolution of the marriage relation are by statute conferred on district courts and not on the Industrial Accident Board.

The order of the district court pleaded in avoidance was not directed to the Board, but to the Company, and the Board correctly held such new matter constituted no defense to the claim of the employee.

We therefore conclude that the Board in making the award to the injured workman as provided in the act did not commit error.

Award is affirmed. No costs allowed.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.