274 P.2d 995

In the Matter of Lloyd LOCKARD, Employee, Respondent,

v.

THE ST. MARIES LUMBER CO., Employer,

and

Fireman's Fund Indemnity Company, Surety, Petitioners-Appellants.

No. 8146.

Supreme Court of Idaho.

Oct. 8, 1954.

H. J. Hull & Sons, Wallace, for appellants.

Estes & Felton, Moscow, for respondent.

GIVENS, Justice.

Lloyd Lockard, while working on tram near green chain for appellant, St. Maries Lumber Co., September 18, 1952, had part of his left hand and the third, fourth and fifth fingers severed, by placing his left hand over a hoist brace and the vertical hoist was lowered, catching his hand.

Notice of the injury was given the Industrial Accident Board by the Employer October 20, 1952.

No claim for compensation was or has been filed by or on behalf of Lloyd Lockard, evidently a minor.

January 22, 1954 the St. Maries Lumber Co. and Fireman's Fund Indemnity Co., its Surety, filed with the Board application for hearing and award to Lloyd Lockard. Notice of hearing for March 11, 1954 in the District Court room, County Court House, St. Maries, Benewah County, was issued February 18, 1954 to all parties and their attorneys, including Murray Estes, attorney for Lloyd Lockard.

At the hearing, Murray Estes, attorney for Lloyd Lockard, appeared specially, challenging the Board's jurisdiction to hear or award, because no claim had been filed by Lloyd Lockard or on his behalf.

The Board refused on such theory to proceed further, inferentially noting that another action between Lockard and the St. Maries Lumber Company was pending:

"Not shown formally in the records of the board but stated in argument by counsel for Lockard and conceded by Counsel for employer and surety, it appears that another action between Lockard and the St. Maries Lumber Company based on the same state of facts as herein is now pending before the United States District Court, Northern Division, State of Idaho, which action was commenced on or about September 18, 1953, prior to the filing of petition of employer and surety herein."

Appellants' appeal presents the sole question of the Board's refusing jurisdiction and order of suspension.

Conceding Section 72–402, I.C., is a statute of limitation against a claimant does not conclude the controversy before us. No time limitation bar to the proceedings is here interposed.

This precise situation early (1913) came before the Massachusetts Court and on a statute,[1] as to the precise point involved herein, identical in thought with our statute, Section 72–603, I.C.,[2] and a statute, 1911 Mass.Acts & Resolves, ch. 751, p. 1002, Section 15,[3] quite similar to Section 72–402, I.C., thus held:

"(15) Hazel Young received her injury on June 10, 1913. She made no

1. "Section 5. If the association and the injured employee fail to reach an agreement in regard to compensation under this act, either party may notify the industrial accident board who shall thereupon call for the formation of a committee of arbitration. * * *" Mass.Acts 1912, Chap. 571.

2. "If the compensation is not settled by agreement, the board may, upon its own motion, or upon the application of any party to the proceedings, hear the matter or assign it for hearing by a member of the board. * * *." Section 72–603, Idaho Code.

3. "Section 15. No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the association or subscriber as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; * * *." 1911 Acts, Ch. 751, p. 1002.

claim under the Workman's Compensation Act. But the insurer of her employer, acting under part 3, § 5, as amended by St. 1912, c. 571, § 10, which permits either party to act in case the insurer and the injured employe fail to agree as to the latter's compensation, notified the industrial accident board of the accident, and a commission on arbitration was formed, which made an award in favor of the employe. This course was warranted under the circumstances. Burt v. Brigham, 117 Mass. 307. * * *" Young v. Duncan, 218 Mass. 346, 106 N.E. 1 at page 4.

The same rule has been recognized and announced in Mississippi River Power Co. v. Industrial Commission, 289 Ill. 353, 124 N.E. 552 at page 555; National Zinc Co. v. Industrial Commission, 292 Ill. 598, 127 N.E. 135 at page 136, though perhaps dicta therein.

A case on all fours with the facts herein, namely, a minor injured, refusing to file a claim, and seeking a common-law remedy as for negligence against his employer, instead of seeking relief under the Workmen's Compensation Law, was thus decided, holding the Board under similar statutes had jurisdiction:

"(1) 'The right to compensation under this Title shall be forever barred unless a claim is filed with the Department of Industrial Relations within one year after the accident.' Code, § 114-305. There is also a provision in the Workmen's Compensation Act that, 'If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this Title, * * * either party may make application to the Department for a hearing in regard to the matters at issue and for a ruling thereon. Immediately after such application has been received the Department shall set a date for a hearing, which shall be held as soon as practicable, and shall notify the parties at issue of the time and place of such hearing.' Code, § 114-706. Thus, under our statute, where they fail to agree, and an employee has not made a claim, the employer is permitted to institute a proceeding to secure a determination of the employee's right to compensation. Ballenger v. Rock Run Iron Co., 166 Ga. 490, 143 S.E. 595; 71 C.J. 973, §§ 747, 748." Metropolitan Casualty Ins. Co. v. Maloney, 56 Ga.App. 74, 192 S.E. 320 at page 324.

This conclusion is further buttressed by Section 72–601, I.C., which makes equity applicable. In equity, suits may be brought by a potential debtor to implead and determine the rights of possible creditors and end a contingent contest.

"(1) The action is one which finds many precedents in the reported cases. The Surety Company, finding itself

liable or to become liable for the debts of its principals, seeks to subject the proceeds of the contracts out of which the contract of suretyship arose to the payment of the debts of the principal, or seeks subrogation to the rights of the creditors of the principal. Inasmuch as it may not be advised as to the extent of its liability or the existence of the right of recovery on the part of those claiming that it is liable as surety, it makes all such claimants parties for the purpose of determining the extent of its liability, and to avoid a multiplicity of suits upon the bonds, upon which it became surety. In such case the claimants may assert and are required to set forth the nature and extent of their claims against the principal and the surety, and in order to afford complete relief the court may in such action render judgment in favor of each of the several claimants against the surety, as the rights of such claimants may be proven. Maryland Casualty Co. v. Washington National Bank, 92 Wash. 497, 159 P. 689. But, while the Surety Company has brought the claimants into court, and must therefore submit to judgment against it upon the claims, the issue as between the Surety Company and the claimants is the validity and the amount of the claim, and this issue must be determined as though each claimant had brought a separate action upon the bonds and prosecuted it to final judgment. * * * " United States F. & G. Co. v. California-Arizona Construction Co., 21 Ariz. 172, 186 P. 502 at page 505;

American Surety Co. of New York v. Mills, 9 Cir., 232 F. 841; St. Croix Timber Co. v. Joseph, 142 Wis. 55, 124 N.W. 1049.

It has been held that voluntary payment of compensation as appellants are attempting herein renders filing a claim unnecessary. State ex rel. Wright v. Smith, 60 Idaho 316, at page 325, 91 P.2d 389. This case involved the accidental industrial death of a sixteen-year-old boy employed in a saw mill. Cf. State ex rel. Wright v. Potlatch Forests, Inc., 60 Idaho 797, at page 800, 97 P.2d 394. No authority to the contrary has been presented or found.

■ The Board, therefore, had jurisdiction of the proceedings, though no claim had been filed by the injured workman. Accordingly, the Order is reversed and the cause remanded for hearing and determination.

PORTER, C. J., and TAYLOR and THOMAS, JJ., and ANDERSON, District Judge, concur.