461 P.2d 265

**William G. SHELL, Claimant-Appellant,**

**v.**

**STANDARD OIL COMPANY OF CALIFORNIA and Fireman's Fund Insurance Company, Defendants-Respondents.**

**No. 10406.**

Supreme Court of Idaho.

Nov. 17, 1969.

Rehearing Denied Dec. 10, 1969.

Behm & Anderson, Buhl, for claimant-appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

McFADDEN, Chief Justice.

Claimant-appellant William G. Shell was employed by the defendant-respondent Standard Oil Company of California, as an assistant manager at one of its service stations in Twin Falls. Claimant asserts that while removing some money from a floor safe for his employer on January 31, 1965, he suffered an injury to his back. On February 3, 1965 he was examined by a doctor, who in his report described the injury as a lumbo-sacral strain. This report was dated April 14, 1965, and filed with the board April 16, 1965. Claimant filed his notice of injury and claim for compensation dated June 14, 1965 with the board on July 22, 1965. On September 9, 1965 another report, dated February 3, 1965 was filed with the board.

The respondent-surety investigated the alleged accident and denied liability. Written notice of this denial was mailed to appellant on July 15, 1965. After receiving denial by the surety of his claim for compensation, appellant, who had incurred several medical bills, contacted the group insurance carrier of his employer and made a claim for payment of these bills. The group insurance carrier denied these claims for medical services, and appellant then contacted one of his employer's sales representatives who took the bills and advised appellant that he would look into the matter. After appellant received another letter which demanded payment of the bills, he again took the matter up with the employer's sales representative, following which he received no further demands for payment of these bills.

On November 9, 1965, the respondent surety filed a "Summary and Award" with the board which reflected that it had declined payment and recommended to the board that the appellant's file be closed. The board thereupon retired the file.

On January 29, 1969, appellant filed his petition for a hearing on the merits of his claim. At the hearing on February 21, 1969, the respondents moved to dismiss the claim on the grounds that it was barred by

the provisions of I.C. § 72–407.[1] The board granted the motion and dismissed the claim, and this appeal resulted.

In the present case, the latest date on which the claim could be regarded as having been filed was September 9, 1965. The petition for hearing was not filed until January 29, 1969. The appellant's claim shows on its face that it is barred by I.C. § 72–407, and there is no allegation that compensation has been paid so as to toll the running of the statute. The appellant, however, contends that the burden is upon the respondents to prove that they did not pay any compensation. It is well settled, however, that it is the claimant's obligation to prove that the statute has been tolled by the payment of compensation. Dunn v. Silver Dollar Mining Co., 71 Idaho 398, 233 P.2d 411 (1951). See also Gregg v. Orr, 92 Idaho 30, 436 P.2d 245 (1967); Woodall v. Idaho Potato Processors, Inc., 91 Idaho 626, 428 P.2d 943 (1967).

The Industrial Accident Board in its findings of fact found that the appellant was not hindered, misled or prevented from pursuing a hearing before the board by the respondents and that the respondents did not make any payment on the claim which would toll the running of I.C. § 72–407. These findings are supported by substantial competent evidence and are binding on this court on appeal. Woodall v. Idaho Potato Processors, Inc., supra; Davis v. Schmidt Bros., Inc., 92 Idaho 312, 442 P.2d 448 (1968); McBride v. J. R. Simplot Co., 92 Idaho 274, 441 P.2d 723 (1968).

The appellant also argues, however, that the Industrial Accident Board has the power and duty to investigate claims filed with it and to call a claim for hearing on its own motion when the facts before the board indicate a compensable claim. The board does indeed have the power to investigate, to examine witnesses, and to call a matter for hearing. I.C. §§ 72–603, 72–604, 72–613. The cases cited by the appellant are all cases in which the board has been sustained in the excerise of one or more of these powers. See Pierstorff v. Gray's Auto Shop, 58 Idaho 438, 74 P.2d 171 (1937); Lockard v. St. Maries Lumbr. Co., 75 Idaho 497, 274 P.2d 995 (1954); Dehlin v. Shuck, 63 Idaho 620, 124 P.2d 244 (1942). These cases do not mean, however, that the board must in every instance take the initiative in calling for a hearing or producing witnesses or evidence for a claimant. See Koegler v. C. F. Davidson Co., 69 Idaho 416, 209 P.2d 728 (1949). I.C. § 72–603 states that the board "may, upon its own motion, * * * hear the matter * * *." (Emphasis added.) This statute is not mandatory and the board has discretion in calling for a hearing. Moreover, this court has held that "Filing the claim with the Board and filing the petition for hearing are duties of the employee." Arnold v. Claude Lacey & Son, 73 Idaho 1, 245 P.2d 398 (1952); Dunn v. Silver Dollar Mining Co., supra. The appellant's contention that the board should have called for a hearing within one year after the filing of appellant's claim is without merit.

The appellant also contends that the board erred in approving the defendant surety's "Summary and Award" before the appellant's time for filing a petition for hearing had expired. The appellant argues that this action constituted a dismissal of his claim. A "Summary and Award," however, is not a dismissal of the claim. See Eldridge v. Idaho State Penitentiary and State Ins. Fund, 54 Idaho 213, 30 P.2d 781 (1934), which states that

---

1. I.C. § 72–407
"Where a claim for compensation has been made, and *no compensation has been paid thereon,* such claimant shall have one year from the date of making such claim within which to make and file with the industrial accident board, an applica-
tion demanding a hearing and an award under such claim.
* * * * *
"In the event an application is not made and filed as herein provided, relief on any such claim shall be forever barred." (Emphasis added.)

"* * * and while it is referred to as a summary and award, it was not an award, summary or otherwise, in compliance with the statute nor was it considered or relied upon as such by the board * * *."

It is immaterial that the "Summary and Award" was approved prior to the expiration of the one year time limit for filing the petition for hearing. There was no evidence that the appellant had any knowledge of the board's action and therefore could not have been misled into believing that he could no longer file his petition for hearing.

It is our opinion that the appellant, having failed to file his petition for hearing within the time authorized by I.C. § 72–407, is now barred from presenting his claim. The order of the board is affirmed. Costs to respondent.

McQUADE, DONALDSON, SHEPARD and SPEAR, JJ., concur.