567 P.2d 10

**Mrs. Richard I. HOWARD,
Claimant-Appellant,**

v.

**FMC CORPORATION, Employer, and Liberty Mutual Insurance Company, Surety, Defendants-Respondents.**

**No. 12450.**

Supreme Court of Idaho.

June 29, 1977.

Rehearing Denied Aug. 22, 1977.

Gary L. Cooper and Louis F. Racine, of Racine, Huntley & Olson, Pocatello, for claimant-appellant.

Ben Peterson, Pocatello, for defendants-respondents.

BAKES, Justice.

This is an appeal from an order of the Industrial Commission dismissing appellant's claim for compensation for the death of her husband because she failed to timely file an application for hearing pursuant to I.C. § 72–706. A detailed chronology of the facts is necessary to determine the effect of the several limitations provisions of the Workmen's Compensation Act which bear on this claim.

### HISTORY OF THE CLAIM

On April 5, 1974, Richard I. Howard died of cardiac arrest shortly after leaving his work at the FMC plant near Pocatello, Idaho. On May 22, 1974, the appellant, widow of the deceased, signed Industrial Commission Form #1, entitled "Notice of Injury and Claim for Compensation," which was countersigned by the employer and filed with the Industrial Commission on May 23, 1974.

In September of 1974, a meeting was held between the appellant, her attorney and a representative of Liberty Mutual Insurance Company, surety for FMC Corporation. At that time a statement was taken from the appellant by Liberty concerning the death of her husband. According to appellant, Liberty informed her that it would contact her within three weeks and provide her with copies of her statement and the statements of co-workers of the deceased Mr. Howard. The appellant was never contacted or furnished with the statements.

In February of 1975, appellant's attorney, on her behalf, wrote a letter to Liberty inquiring as to the status of the case. In response Liberty stated that they needed more information in order to give further consideration to payment of the claim.

On April 3, 1975, the appellant, through her attorney, filed with the Industrial Commission Form #20,[1] entitled "Claim for Compensation—Death Case." In a later affidavit, Mrs. Howard stated that at about this same time Liberty suggested that she have the body of her deceased husband exhumed for an autopsy. She refused and, according to the affidavit, directed her attorney to request a hearing before the Industrial Commission. On April 22, 1975, Liberty contacted appellant's attorney and indicated that their information was still inadequate to allow them either to allow or deny the claim.

The record indicates that in the early part of November, 1975, the employer and its surety were still investigating the claim, and two separate law firms were working on the claim on behalf of the employer and the surety. On November 17, 1975, they filed with the Commission a motion to dismiss on the grounds that the appellant had not filed an application for hearing as required by I.C. § 72–706. On January 13,

---

1. Although these two forms filed by the appellant are identified on the forms as I.C. Form 1 and I.C. Form 20, respectively, it is not clear whether these are official forms prepared by the Industrial Commission or forms prepared by private parties for use in Workmen's Compensation cases.

1976, the Commission issued a "Notice of Hearing" which set the motion to dismiss for hearing on January 29, 1976. That hearing was not held.

On January 20, 1976, the defendants filed an "Answer to Application for Hearing." This answer was made by completing a form supplied by the Industrial Commission. In response to the questions on the form, the defendants denied that the accident occurred at the alleged time and in the course of employment, denied that notice was given the defendants within 60 days, and denied that the rate of wages claimed was correct. The defendants admitted the existence of an employer-employee relationship, the applicability of and coverage under the Workmen's Compensation Act. In answer to the last question, which requested a statement of exactly what matters were in dispute, the defendants stated:

"Carrier denies the claim upon the ground that hearing was not requested pursuant to Section 72–706, Idaho Code within one year after the notice of injury and that no compensation was paid in the interim or at all."

On March 26, 1976, the Commission issued another notice of hearing which set the matter for a hearing on the merits on April 15, 1976. Prior to the hearing the defendants requested in a letter to the Commission that the hearing be held only on the motion to dismiss, not on the merits. The Commission granted the request.

On April 15, 1976, the hearing was held and the defendants' motion to dismiss was argued orally before the Commission. During the oral arguments the Commission noted that the claimant had never filed an application for hearing. The Commission suggested that the claimant's new attorney file such an application and that the defendants' motion to dismiss be renewed against the application.

On April 26, 1976, the claimant filed an application for hearing which specifically stated that it was "without prejudice to claimant to raise any questions and reasons for the lateness in filing the application." Briefs were filed. The defendants pro-

pounded interrogatories to the claimant which were answered by the claimant, and on October 7, 1976, another hearing was held.

On November 15, 1976, the Commission ordered that the motion to dismiss be granted. The Commission ruled that under I.C. § 72–706 the claim was barred because the claimant failed to file an application for hearing within one year from the date the initial claim for compensation was made. The order of the Commission stated in part:

"The claimant contends, however, that she was misled to her prejudice by actions of the defendants. The claimant's affidavit reflects that in early April 1975 she had determined to file an application for hearing and directed that it be done immediately. It is therefore apparent that she was aware of the necessity of filing the application. The time within which a timely application for hearing could be filed under Section 72–706 did not expire until May 22, 1975, one year after the date of filing her claim for compensation. The record does not disclose any circumstances arising between April 3 and May 22, 1975, which would have caused the claimant to believe that the filing of an application for hearing would not be necessary. On the contrary, the claimant was aware of this requirement and had directed that an application be filed.

. . .

"The Commission further concludes that the filing of a subsequent claim for compensation on April 3, 1975, did not serve to extend the time for filing an application for hearing. The time period must be calculated from the time of filing the initial claim, May 22, 1974. The defendants are therefore entitled to an order granting the motion to dismiss the claimant's application for hearing."

The claimant has appealed contesting the order granting the motion to dismiss.

## LIMITATIONS PROVISIONS

I.C. § 72–701 requires that a notice of injury be given within 60 days after the occurrence of the accident and that a claim

for compensation must be made within one year of the accident or death.[2] I.C. § 72–706(1) requires a claimant to file an application for hearing within one year from the date the claim for compensation was made.[3] Unless a claimant has been paid compensation or has been misled to his prejudice by the employer or surety, I.C. § 72–706(3) bars relief if an application is not filed in accordance with that section.

■ In this case the record indicates the filing of two documents relating to a compensation claim, the first, dated May 22, 1974, which was Form #1 entitled "Notice of Injury and Claim for Benefits,"[4] and the second, Form #20, entitled "Claim for Compensation—Death Case" filed April 3, 1975. But for the filing of the May 22, 1974, document with the Industrial Commission, we are of the opinion that the respondents' motion to dismiss would not have been well taken and should have been denied by the Commission. Claimant gave notice of injury to the employer on May 22, 1974—within sixty days of the "happening" as required by I.C. § 72–701; she filed a claim for compensation on April 3, 1975— within one year of death as required by I.C. § 72–701; and the Commission on its own motion set the matter for hearing within

one year of the filing of the April 3, 1975, claim for compensation—which was sufficient to satisfy the requirements of I.C. § 72–706.[5]

■ The Commission need not wait for the claimant to file an application for hearing before the matter may be set for hearing. The Commission itself has the power to call a matter for hearing. I.C. § 72–712. In *Shell v. Standard Oil Co. of California,* 93 Idaho 370, 461 P.2d 265 (1969), this Court stated with reference to the predecessor of I.C. § 72–712 prior to its enactment in 1972:

> "The board does indeed have the power to investigate, to examine witnesses, and to call a matter for hearing. I.C. §§ 72–603, 72–604, 72–613. The cases cited by the appellant are all cases in which the board has been sustained in the exercise of one or more of these powers. See *Pierstorff v. Gray's Auto Shop,* 58 Idaho 438, 74 P.2d 171 (1937); *Lockard v. St. Maries Lumbr. Co.,* 75 Idaho 497, 274 P.2d 995 (1954); *Dehlin v. Shuck,* 63 Idaho 620, 124 P.2d 244 (1942)." 93 Idaho at 372, 461 P.2d at 267.

On April 3, 1976, the last day for filing an application for hearing on the "Claim for Compensation—Death Case," which had been filed on April 3, 1975, one year before,

---

2. "72–701. Notice of injury and claim for compensation.—Limitations.—No proceedings under this law, except in cases of occupational diseases specially provided, shall be maintained unless a notice of the accident or of manifestation of the occupational disease shall have been given to the employer as soon as practicable but not later than sixty (60) days after the happening thereof, and unless a claim for compensation with respect thereto shall have been made within one (1) year after the date of the accident or manifestation or, in the case of death, then within one (1) year after such death, whether or not a claim for compensation has been made by the employee. Such notice and such claim may be made by any person claiming to be entitled to compensation or by someone in his behalf. If payments of compensation have been made voluntarily the making of a claim within said period shall not be required."

3. "72–706. Limitation on time on application for hearing.—(1) When no compensation paid. When a claim for compensation has been made and no compensation has been paid thereon, the claimant, unless misled to his prejudice by

the employer or surety, shall have one (1) year from the date of making claim within which to make and file with the commission an application requesting a hearing and an award under such claim.

· · ."

4. This Form #1 has a Commission "received" stamp of May 23, 1974.

5. Regarding the requirement that the claimant file an application for a hearing within one year after filing the claim for compensation as required by I.C. § 72-706, the record is clear that before that one year period elapsed on April 3, 1976, the Industrial Commission had twice ordered the matter set for hearing, the last order for hearing having been entered on March 26, 1976, setting the matter for hearing on the merits on April 15, 1976. Thus, at the time that the one year period for making application for hearing on the "Claim for Compensation—Death Case", which had been filed on April 3, 1975, the matter was already set for hearing on the merits for April 15, 1976.

the matter had already been set for hearing on the merits. To require the claimant to file an application for hearing when the matter was already set for hearing would be to require a useless act which would serve no purpose.

■■■■ Thus, were it not for the filing with the Commission of the document entitled "Notice of Injury and Claim for Benefits" on May 23, 1974, we would remand the matter to the Industrial Commission with directions to overrule the motion to dismiss and to set the matter for a hearing on the merits of the claimant's claim that her husband's heart attack was the result of an accident while within the scope of his employment. However, if the "Notice of Injury and Claim for Benefits" filed on May 23, 1974, was in fact a "claim for compensation" filed by the claimant within the meaning of § 72–701, Idaho Code, then the decision of the Industrial Commission dismissing the claim must be affirmed because no application for hearing, or no orders setting the claim for hearing occurred within one year after May 23, 1974, as required by I.C. § 72–706. The question then is, what is the legal effect of the document entitled "Notice of Injury and Claim for Benefits" which was filed on May 23, 1974? There is nothing in the record to indicate who actually prepared the notice, although the document at the bottom contains a printed phrase, "Prepared by _____", and the claimant has signed her name in the blank as the preparer of the document. The form

has a place for the signature of the employer, which the employer signed. The form asks for certain information concerning the employer, the injured employee and the cause of the accident, but says nothing concerning any claim for benefits such as who the beneficiaries of such claim might be and other information relative to the claim. The instructions for preparing Form #1, which are set out immediately below the title "Notice of Injury and Claim for Benefits" state the following:

"Every work injury to an employee (including disease or infection in respect of such injury) which requires medical services other than first aid treatment, must be reported within TEN days after the employer has knowledge of the injury."

Form #1 appears to be designed to fulfill two requirements, first the requirement of the employee's notice to the employer pursuant to I.C. § 72–701, and the employer's notice to the Industrial Commission pursuant to I.C. § 72–602(1),[6] which requires that the employer give notice to the Commission of injury or occupational disease as soon as practicable but not later than ten days after the occurrence of an injury or occupational disease.[7] As contrasted with the instructions under Form #1, Form #20, entitled "Claim for Compensation—Death Case" contains instructions as follows:

"Claim for compensation in death cases should be made in writing as soon as practicable and in any event must be

---

**6.** "72–602. Employers' notice of injury and reports.—(1) First report—Notice of injury or occupational disease. As soon as practicable but not later than ten (10) days after the occurrence of an injury or occupational disease, requiring treatment by a physician or resulting in absence from work for one (1) day or more, a report thereof shall be made in writing by the employer to the commission in the form prescribed by the commission; the mailing to the commission of the written report within the time prescribed shall be compliance.
. . ."

**7.** The record indicates that the employer did file Industrial Accident Board New Form #5 entitled "Employer's Notice of Death of Employee" with the Industrial Commission. That form is stamped "received" by the Industrial Commission on June 20, 1974. Apparently it

was an old form used by the Industrial Accident Board, the precursor to the present Industrial Commission. If that form was filed as the employer's notice to the Industrial Commission pursuant to I.C. § 72–602(1), it was over two months late, the ten day period for filing such notice having expired on April 15, 1974.

While the injured worker is not entitled to maintain a claim unless he gives notice of the injury to the employer in accordance with I.C. § 72-701 within sixty days of the "happening" of the injury, the employer's failure to timely file a notice of injury with the Industrial Commission as required by I.C. § 72 602(1) does not affect the claim or any of the employer's defenses to it, although wilful failure to file such a notice would be a misdemeanor under I.C. § 72 602(3).

made within one year after death of injured employee."

This form, which the claimant's counsel timely filed with the Commission on April 3, 1975, is obviously the form contemplated by I.C. § 72–701 requiring the claimant to file a claim for compensation within one year after the date of the accident or death. But for the inclusion of the three words "claim for benefits" in the title of Form #1, it is clear that all that form would constitute is a notice of injury to the employer which I.C. § 72–701 requires to be given not later than 60 days after the happening thereof, and perhaps notice of the employer to the Commission pursuant to I.C. § 72–602(1).

The title of a document is not controlling as to its legal effect. *Anderson v. Springer,* 78 Idaho 17, 296 P.2d 1024 (1956); *Universal C.I.T. Credit Corp. v. Whitworth,* 77 Idaho 528, 296 P.2d 712 (1956). If the claimant had prepared the form on the date indicated and filed it with the Commission intending that it constitute both a notice of injury and a claim for compensation under the provisions of I.C. § 72–701, it could serve both functions, and her claim would be barred by I.C. § 72–706 because of her failure to file an application for hearing within one year of that date. However, on the basis of the record now before the Court we cannot say as a matter of law, as the Commission did, that the "Notice of Injury and Claim for Benefits" which was prepared on May 22, 1974, and filed with the Commission on May 23, 1974, is the claim for compensation contemplated by I.C. § 72–701. Since the record already includes a "Claim for Compensation—Death Case" filed by the claimant through her counsel on April 3, 1975, the Commission would have to find several things in order to bind the claimant to the "Notice of Injury and Claim for Benefits" filed on May 23, 1974. In the first place, she may have only executed the document and delivered it to the employer as a notice of injury, and the employer filed the document with the Commission as its notice required by I.C. § 72–602(1). That is what the instructions suggest the form is for. Under those circumstances we do not think it appropriate for the employer to allege that its filing of Form #1 with the Commission constituted the filing of a claim for benefits by the employee for the purposes of determining when the limitations provisions of § 72–706(1), regarding application for hearing, ran, particularly when the employee had herself filed her own claim for compensation on April 3, 1975. Further, an evidentiary hearing might show that, as in *Jones v. Morrison-Knudsen Co.,* 98 Idaho 458, 567 P.2d 3 (1977), the form signed by the claimant on May 22, 1974, was in fact selected for her by the employer, prepared by the employer, and signed by her without the advice of counsel and without a specific understanding that the employer intended to file the form as her claim for compensation which would commence the running of the statute of limitations provision regarding application for hearing in I.C. § 72–706(1). Under such circumstances, the filing of Form #1 would not commence the time within which the employee had to file an application for hearing as required by I.C. § 72–706(1) where she had timely filed her own claim for compensation as was done in this case. Without an evidentiary hearing to answer the foregoing questions, this Court cannot determine on the basis of the record presently before us, that the mere presence in the record of the document entitled "Notice of Injury and Claim for Benefits" showing a "received" stamp by the Industrial Commission on May 23, 1974, was a claim for compensation attributable to the claimant sufficient to require the claimant to file an application for hearing within one year of that date or to have her claim barred under the provisions of I.C. § 72–706 regardless of the merits of her claim. We therefore remand the matter to the Industrial Commission for further findings and conclusions and order consistent herewith.

One further comment is in order. This case and the case of *Jones v. Morrison-Knudsen, supra,* also decided today, are only two of a number of cases which have recently come before this Court which illus-

trate how the injured workmen of this state or their survivors are being stripped of even the right to argue the merits of their claims before the Industrial Commission by the complex, confusing, over-technical, and often contradictory limitations provisions of the Workmen's Compensation Act. The workmen of this state surrendered their common law remedies against their employers, which remedies the legislature had found to be "inconsistent with modern industrial conditions . . .", for the promise of "sure and certain relief for injured workmen and their families and dependents . . ." through the Workmen's Compensation Law. I.C. § 72–201. For many workers this promise remains unfulfilled. In exchange for their judicial remedies and procedures which were substantially simpler, injured workers have been given a labyrinth of time limitations, filing requirements and forms, through which the injured worker, at the peril of losing the only remedies the law now permits against his employer, must unerringly weave his way in order to be entitled to receive his "sure and certain" relief.

Reversed and remanded to the Industrial Commission for further proceedings in accordance with this opinion.

DONALDSON, SHEPARD and BISTLINE, JJ., and DUNLAP, District Judge (Ret.), concur.