600 P.2d 1146

In the Matter of the APPLICATION OF the PUBLIC EMPLOYEES' RETIREMENT SYSTEM.

Wendell M. ADAMS, Claimant-Appellant,

v.

BINGHAM COUNTY SHERIFF'S OFFICE, Employer,

and

State Insurance Fund, Surety, Defendants-Respondents.

No. 12162.

Supreme Court of Idaho.

Oct. 1, 1979.

Phillip M. Barber of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for claimant-appellant.

Paul S. Boyd, Gary D. Babbitt of Hawley, Troxell, Ennis & Hawley, Boise, for defendants-respondents.

PER CURIAM:

This is an appeal from an order of the Industrial Commission granting the motion to dismiss of defendant respondent State Insurance Fund. We affirm.

On April 10, 1970, Deputy Sheriff Wendell M. Adams, the nominal claimant in this action, was injured in the course of his employment. The injury resulted in a partial permanent disability. Adams, his employer, and the State Insurance Fund executed a compensation agreement which was approved on August 5, 1971, by the Industrial Accident Board, the predecessor of the Industrial Commission. Adams ceased working for his employer in July of 1974. He later applied for and subsequently received from the Public Employees' Retirement System retirement benefits due him as a totally disabled person. This total disability resulted from the same injury of April 10, 1970. The retirement system is statutorily obligated to reduce the amount of Adams' retirement benefits by the compensation received by him from the State Insurance Fund. I.C. § 59–1320(1).

On March 21, 1975, the Public Employees' Retirement System filed an application for a hearing with the Industrial Commission for the purpose of modifying the compensation agreement and award of the Industrial Accident Board dated August 5, 1971. The retirement system requested that the amount of the State Insurance Fund's liability to claimant Adams be increased due to the change in the degree of disability, with an attendant decrease in the system's liability for retirement benefits. The total amount which the injured employee would receive would remain the same.

The State Insurance Fund responded with a motion to dismiss, claiming that the retirement system was not a proper party to seek such a modification and that therefore the Industrial Commission was without jurisdiction. The commission dismissed the application on the grounds that the retirement system was not a real party in interest and therefore failed to state a claim upon which relief could be granted. The commission further concluded that it lacked jurisdiction to hear the case. Our disposition of the standing issue renders consideration of the jurisdictional issue unnecessary.

■ Former I.C. § 72–607 provided that "any party" may seek modification of compensation awards and agreements within five years of the initial proceedings. The current statute controlling modifications of awards and agreements, I.C. § 72–719, permits a "party in interest" to make an application for modification. Under either provision, only "parties" are able to seek such a modification. The term "party", although undefined elsewhere in the statute, in our view refers only to those persons who were parties to the original agreement or proceedings giving rise to the original award.[1] The Public Employees' Retirement System was not a party to the original compensation agreement, nor could it have been. *See Newell v. Sunshine Mining Co.*, 70 Idaho 429, 220 P.2d 685 (1950). The retirement system therefore lacks standing to seek modification of the prior compensation agreement.

■ The retirement system relies heavily on the case of *Lockard v. St. Maries Lumber Co.*, 75 Idaho 497, 274 P.2d 995 (1954), for the proposition that the general equity powers of the Industrial Commission permit it to entertain actions in the nature of equitable intervention. In *Lockard* the Court permitted the injured workman's employer and its surety to institute workmen's compensation proceedings even though the workman had not filed any claim for compensation. We find *Lockard* to be distinguishable in two respects. First, the *Lockard* Court found an independent statutory basis for its holding. Therefore any language concerning the Industrial Accident Board's broad equity powers was technically dictum. Secondly, the employer and its surety are proper parties to any proceedings concerning a claim for compensation by the injured workman. *Lockard* determined only that a proper party could institute proceedings even absent a claim by an injured workman. Since the Public Employees' Retirement System is not a proper party to seek modification of a prior workmen's compensation agreement or award, the decision of the Industrial Commission is affirmed.

1. Although undefined in the Workmen's Compensation Law, the term "interested party" is defined in I.C. § 72–1323 of the Employment Security Law as follows: "The term 'interested party' with respect to a claim for benefits means the claimant, the claimant's last regular employer, the covered employer whose account is chargeable for experience rating purposes, and the director [of the Department of Employment] or a duly authorized representative of any of them; . . . .'' We note that our interpretation of the term "party" is consistent with the above definition. In a workmen's compensation case, the employer's surety—in this case, the State Insurance Fund—would stand in a similar position to the Department of Employment in an employment security case. In both workmen's compensation and employment security cases the Industrial Commission is the final administrative tribunal, and it is apparent that the legislature intended a similar rule to be applicable with regard to the parties who have standing to contest both workmen's compensation and employment security cases brought before the commission.